Mr. Justice DAVIS
 

 delivered the opinion of the court.
 

 Although we agree with Lord Ellenborough, “ that the rules of evidence must expand according to the exigencies of society,”
 
 *
 
 yet it is not necessary to introduce any innovation upon these rules in order to hold that this evidence should have been admitted. It is true there are no reported cases on the subject, but on principle its admissibility can be sustained.
 

 It is well settled that if the evidence offered conduces in any reasonable degree to establish the probability or improbability of the fact in controversy, it should go to the jury. It would be a narrow rule, and not conducive to the ends of justice, to exclude it on the ground that it did not afford full proof of the non-existence of the disputed fact. Besides, presumptive evidence proceeds on the theory that the jury can infer the existence of a fact from another fact that is' proved, and most usually accompanies it.
 
 †
 
 Many of the affairs of human life are determined in courts of justice in this way, and experience has proved that juries, under the direction of a wise judge, do not often err in the reasoning which leads them to a proper conclusion on such evi
 
 *441
 
 dence. And if they should happen to reach a wrong conclusion, the court has in its own hands the mode and measure of redress. In the nature of things, the officers of the insurance company were unable, by any direct proof, to contradict the testimony of the plaintiffs as to the value of the goods destroyed. If the loss were an honest one it was their duty to pay it, but if they had good reason to believe it to be exaggerated, it was equally their duty to refuse to pay it. As they had no direct evidence to produce bearing on the subject, they offered to prove a fact which, uncontradicted and unexplained, would lead the jury to the conclusion that the plaintiffs had overvalued the property destroyed by fire. It was neither opinion nor hearsay which they tendered to the court, nor was it a usage of trade they wanted to prove, but a matter of fact concerning the business in which the plaintiffs had been employed, which would render it extremely improbable that they had sustained the loss they claimed to have suffered. The plaintiffs testified when the fire occurred the stock in their store was worth over sixty thousand dollars, and yet their sales during the year were only double that amount. The defendants said this could not be so, because the merchants of St. Paul, engaged in a like business, and to the same extent, did not at that time, nor at any other time during the preceding six years, have on hand on the average more than one-fifth of their annual aggregate sales.
 

 If this state of case could be proved by the united testimony of this class of merchants, it would- establish a fact connected with this kind of business, to wit, the uniform relation between the stock on hand and the annual sales, from which the existence of another fact could be reasonably inferred, which is, that the business of the plaintiffs rested on the same basis and was governed by the same rule of uniformity. Indeed, so strong would be this inference, that in the absence of any attempt to explain or contradict the evidence, the jury would be justified in adopting the conclusion which it tended to prove. A presumption is an inference as to the existence of a fact not actually known, arising from its
 
 *442
 
 usual connection with another which is known, and on this principle the jury should have been allowed to consider this evidence.
 

 As this case will have to
 
 go
 
 back for a new trial, and as the point was raised in the court below, it may be proper'to observe that no witness can be asked what the course of trade is in reference to this particular business. This would be either opinion or hearsay. He can only be allowed to tell his personal experience on the subject about which he is called to testify. It is only through the aggregated testimony of all the witnesses that the fact can be proved, which so connects itself with the plaintiffs’ business as to require from him an answer.
 

 Judgment reversed, and a venire de novo.
 

 *
 

 Pritt
 
 v.
 
 Fairclough, 3 Campbell, 306.
 

 †
 

 Hart
 
 v.
 
 Newland, 3 Hawks, 122.