Charles B. Dougherty, Executor of Thomas McHugh, deceased, defendant below, plaintiff in error, *vs.* Henry M. White, plaintiff below, defendant in error.

1.　Evidence—Relevancy.

While evidence, to be admissible, must correspond with the allegations and be confined to the point in issue, it is not necessary that it should bear directly on the issue, but is admissible if it tends to prove the issues, or constitutes a link in the chain of proof, since any circumstance that may afford a fair and reasonable presumption of the fact to be tried is relevant, and to be left to the jury to determine its precise force and effect.

2. Evidence—Relevancy.

In an action against decedent's executor to recover the reasonable value of services alleged to have been rendered decedent, certain notes executed by plaintiff to decedent to evidence loans made by decedent to plaintiff during the period for which plaintiff claimed indebtedness for services, and checks executed by decedent to plaintiff as a part of the loan transaction for the money furnished plaintiff, were relevant on the issue whether plaintiff, during such period, was rendering services amounting to more than the value of the loan, for which he expected decedent to pay.

*(June* 20, 1911.)

Curtis, Chancellor, Pennewill, C. J., and Boyce, J., sitting.

*Charles F. Curley* for plaintiff in error.

*J. Frank Ball* for defendant in error.

Supreme Court, January Term, 1911.

Writ of Error (No. 4, January Term, 1911) to the Superior Court of the State of Delaware, in and for New Castle County. Action by Henry M .White against Charles B. Dougherty, Executor of Thomas McHugh, deceased, to recover for work and labor done and services performed for the deceased during his lifetime. Judgment for plaintiff (1 *Boyce* 355). Reversed—The facts and questions presented appear in the opinion of the court.

Boyce, J., delivering the opinion of the court:

This was an action of assumpsit, brought by Henry M. White, the plaintiff below, against Charles B. Dougherty, executor of Thomas McHugh, deceased, the defendant below, to recover compensation for personal services alleged to have been rendered by the plaintiff to the said McHugh, in his lifetime.

The declaration contained a single common count for the work, labor, care and diligence of the said plaintiff by him, etc., done, performed and bestowed in and about the business and person of the said McHugh, in his lifetime, at his special instance and request, etc.

The pleas were non-assumpsit, payment, statute of limitations and set-off. Replications and issues were entered.

At the trial, counsel for the plaintiff stated his claim as follows:

"To work and labor in taking care of, cooking for, wash-
      ing for and in acting as a companion and an assistant
      to the late Thomas McHugh, from the fifteenth day
      of June, A. D. 1904, to December thirteenth, A. D.
      1906, 911 days at one dollar a  day.............. $911.00
Less 14 days in October, 1905.......................    14.00
                                                    _____
                                                      $897.00"

  Two certain promissory notes for  one  hundred dollars and
sixty-five dollars, respectively, made by the  plaintiff, payable to
the order of the said McHugh, three months after  date, and dated
the seventh day of December, A. D. 1905, and the fifteenth day of
October, A. D. 1906, respectively, were offered in evidence by the
defendant as declarations or admissions of  the plaintiff  against
interest.   It was contended  that the notes had been  given dur-
ing  the  period  covered  by the statement of the claim of the
plaintiff, and should be admitted in evidence to aid the jury in
determining whether, on the dates and at the time of the delivery
of said  notes, the plaintiff  had  any  claim accruing or  accrued
against the said  McHugh.

  It was urged that the notes were not admissible under the
plea of payment, or any plea filed, either in bar of, or as set-off
to, the plaintiff's cause of action; 'and it was insisted that if the
notes were admissible at all, they should have been pleaded spe-
cially, as, at most, they would only be presumptive evidence, tend-
ing to show that there was no liability on the part of the testator
to the plaintiff at the time they were given.

  The court below, in refusing to admit the notes, said, in part:
"The two notes that have been  offered in evidence are  dated
December 7, 1905, and October 15, 1906, made and delivered by
the plaintiff to the deceased.   The issue in this case is whether
the plaintiff performed certain services for Thomas McHugh dur-
ing the period extending from June, 1904, to December, 1906, the
time of his death, for which the estate of the deceased is liable;
and the plaintiff relies upon an implied contract.   The defendant
contends that no services were performed by the plaintiff for
which the defendant is bound to pay.   These notes are offered,

not for the purpose of showing a settlement between the parties—they could not be offered for that purpose, at least in the present stage of the proceedings. The defendant contends, however, that they show a declaration against the interest of the plaintiff. If they show, or tend to show that the plaintiff did not perform the services for which he is suing, or the payment for services rendered by the plaintiff had been made, that is material. But we do not think they, in any way, show either of those facts. The notes, so far as appears from the evidence at this time, represent a separate and distinct transaction between the plaintiff and the deceased, and throw no light whatever upon the issues in this case."

An exception was noted. Two checks made by the testator, payable to the order of the plaintiff, and bearing his indorsements, being of corresponding dates and amounts with the said notes, were also offered in evidence as part of the same transaction. Objection to their admission for the same reason urged against the admission of the notes, was sustained, and an exception was noted.

The plaintiff had a verdict for the sum of eight hundred dollars. The defendant took a bill of exceptions. The four several errors assigned may be embraced in one, which, in effect, was that the court erred in refusing to admit said notes and checks in evidence.

The plaintiff below did not seek to recover upon an express promise to pay for the services alleged to have been rendered by him for the testator, but relied upon an implied promise to pay therefor.

Counsel for the plaintiff in error conceded that the plaintiff below produced testimony at the trial below, tending to show that during the period from June 15, A. D. 1904, to December 13, A. D. 1906, the plaintiff was very frequently and for considerable periods daily in the company of the said McHugh, and that some personal services were rendered by him to the said McHugh, but he contended that the services in contemplation of the parties, were of a friendly, gratuitous kind for which the law did not imply a promise to pay. He insisted that the said notes and the checks should have been admitted in evidence as declarations or

admissions by the plaintiff as of their respective dates, touching the existence of the plaintiff's claim, and as showing an inconsistency between the then conduct of the plaintiff and his present claim.

Whether the plaintiff rendered his alleged services, and whether they were gratuitous, are questions which we may not determine. If rendered as alleged, and not gratuitously, the law implies a promise to pay therefor.

As we have shown, counsel for the plaintiff below urged, at the trial below, that the notes and checks could not be admitted under the pleas filed. His brief and argument, however, were confined to the contention that the notes and checks were collateral matter, and properly rejected for the reason they could not throw any light upon the main issue of fact.

*State v. Brantley*, 84 *N. C.* 766, was relied upon in support of this contention.

[1] It is an established rule, governing the production of evidence, that the evidence offered must correspond with the allegations, and be confined to the point in issue. It is not necessary, however, that the evidence should bear directly upon the issue. It is admissible if it tends to prove the issue, or constitutes a link in the chain of proof; although, alone, it might not justify a verdict in accordance with it. This rule excludes all evidence of collateral facts, or those which are incapable of affording any reasonable presumption or inference as to the principal fact or matter in dispute; and the reason is, subject to well-recognized exceptions, that such evidence tends to draw away the minds of the jurors from the point in issue and to excite prejudice and mislead them; and moreover the adverse party having no notice of such a course of evidence, is not prepared to rebut it. *Greenleaf on Ev.* §§ 51, 51 (a), and 52.

Collateral facts, or those which are incapable of affording any reasonable presumption or inference as to the principal fact or matter in dispute, are excluded. *State v. Hinkle*, 6 *Iowa* 384; *Lee v. Tinges*, 7 *Md.* 236.

It is well settled that if the evidence offered conduces in any reasonable degree to establish the probability or improbability of

Opinion—Evidence.

the fact in controversy, it should go to the jury. It would be a narrow rule, and not conducive to the ends of justice to exclude it on the ground that it did not afford full proof of the non-existence of the disputed fact. *Insurance Co. v. Weide*, 11 *Wall.* 438, 20 *L. Ed.* 197; *Brooke v. Winters*, 39 *Md.* 508.

Any circumstances that may afford a fair and reasonable presumption of the fact to be tried, are to be received and left to the consideration of the jury who are to determine upon their precise force and effect, and whether they are sufficiently satisfactory to warrant them in finding any of the facts in issue. *Phillips Evidence*, 111.

It is said that the great and general rule upon the subject seems to be this,—that all facts or circumstances upon which any reasonable presumption can be founded as to the truth or falsity of the issue, or disputed fact, are admissible in evidence. 1 *Starkie on Evidence*, § 7.

The question, therefore, for determination by this court, is, should the notes and checks as part of the same transaction, given, as they were, during the time the alleged services were being rendered, have been admitted in evidence as tending in any reasonable degree to throw light upon the then relations and contemplations of the parties, and as affording a fair and reasonable presumption or inference as to the validity of the plaintiff's claim?

[2] Was it relevant to show by the notes and checks that the plaintiff borrowed money from the testator at times when according to his present claim, the testator was owing him considerably more?

True it is, the notes and checks represent a separate and distinct transaction from the alleged services for which this suit was brought, and in that sense they are collateral to the issue of fact in this case. But it appears from the notes and checks, that the plaintiff, on the seventh day of December, A. D. 1905, and again, on the fifteenth day of October, A. D. 1906, gave his two certain notes, the first for one hundred dollars and the other for sixty-five dollars, each payable in three months, receiving at the time each note was made, the testator's check for a corresponding amount, when, in the light of the statement of the plaintiff's

cause of action, the testator was impliedly, at least,  indebted to the plaintiff in a  large sum of money which had been accruing since the fifteenth day of June,  A.  D.  1904, at  the  rate of one  dollar  per  day.   The  contention  is,  the  act  of  the plaintiff in giving his said notes to the testator, at a time when his alleged claim was due and owing, is inconsistent with his present claim, and not made less so from the fact that the collection thereof was postponed until after the death of the testator, and that whether the notes and checks afford evidence of such inconsistency is a question for the jury.

We shall not refer to or review here all the cases cited by counsel for the defendant.   The three cases following seem to have a direct bearing upon the question before us.

Where the contention was made that the fact the defendant gave to the plaintiff a judgment note, after the accruing of the cause of action, created a presumption that the claim had been paid, Gilpin, Chief Justice, said: "This is certainly true as a general proposition, and if this fact stood alone, without other circumstances, it would be entitled to great weight; as it would imply a settlement between the parties at that time, and that all claims and demands between them of inferior grade and dignity were included in it, and were extinguished by the security of a higher nature.   It raises, however, at best but a presumption, and as all presumptions of this character may be rebutted, it is not necessarily conclusive in this case,   *   *   *   for this will very properly depend upon the view which the jury may take of other portions of the evidence." *Callaway v. Hearn*, 1 *Houst.* 607; *Lodge v. Ainscow*, 1 *Penn.* 327, 41 *Atl.* 187.

In an action of assumpsit brought by the plaintiff below, to recover compensation for nearly five years' services, alleged to have been rendered to the defendant below, as an employe in a livery stable, it was held,—"When one claims to have a just demand against a responsible party long overdue, with payment unasked, it is competent to show that during the time in question the claimant was in such stress of pecuniary circumstances that he could ill afford to forego payment of his demand, if he had one, as evidence tending to show that he had none.   But in order to give

this kind of evidence force it is not enough simply to show that the claimant was poor; it must appear that he needed money to use; for from this arises the inference against him, as he may be poor and yet have no occasion to use money." *Stone v. Tupper*, 58 *Vt.* 409, 5 *Atl.* 387.

In an action to recover from the testator's estate the amount of indebtedness alleged to be due the plaintiff, the defendant had been permitted, subject to exception, to prove that at the time when the plaintiff claimed the deceased, then living and solvent, was indebted to him in a large sum, the plaintiff told a witness that he was unable to pay a note on which the plaintiff was principal and the witness surety, the court said: "The evidence objected to tended to show that the plaintiff was in need of money at a time when, according to his present claim, the deceased, Smith, had in his possession a considerable sum in cash belonging to him. The plaintiff's failure, in this relation, to demand or to attempt to collect his debt of a responsible debtor, is a circumstance which has some logical tendency to discredit his present claim. Failure to make claim when occasion therefor exists has some tendency to prove the invalidity or non-existence of the claim. Such failure to act may constitute 'an admission by conduct' adverse to the present claim." *Page v. Hazleton*, 74 *N. H.* 252, 66 *Atl.* 1049.

If the plaintiff below, in a situation to require money, borrowed from the testator, at different times, as indicated by the notes and checks, when the testator was indebted to him in a much larger sum, and had been for a considerable length of time, as it is made to appear from the plaintiff's statement of his claim, without making a demand for the payment of his claim, or for, at least, so much thereof as would have met his then needs, it is, we think, a circumstance relevant to the issue in this case which was proper to go to the jury for their consideration in connection with the other evidence, in determining the validity or invalidity of the plaintiff's claim.

It is the unanimous opinion of the court that the said notes and checks should have been admitted in evidence under the gen-

eral issue, and we, therefore, reverse the judgment of the court below.

> Judgment reversed.