ANNA E. PALMER vs. GEORGE LODGE, Executor of Orpha P. Pierce, deceased.

1.  WITNESSES—TESTIMONY AS TO WHETHER CLAIMANT RECEIVED COMPENSATION FOR SERVICES INADMISSIBLE AS TRANSACTION WITH DECEDENT.
    In an action against an executor for services in nursing decedent in her lifetime, testimony of plaintiff as to whether she had ever received any compensation for the services was inadmissible as a transaction with a decedent.

2.  EVIDENCE—SELF-SERVING DECLARATION OF DECEDENT WHOSE ESTATE IS SUED FOR SERVICES INADMISSIBLE.
    In an action against an executor for services of nursing rendered decedent in her lifetime, testimony of a witness for defendant executor as to whether decedent ever had any talk with the witness as to whether or not she, decedent, owed plaintiff any money, was inadmissible as self-serving.

3.  EXECUOTRS AND ADMINISTRATORS—TESTIMONY AS TO FINANCIAL CONDITION OF DECEDENT ADMISSIBLE IN ACTION FOR SERVICES TO HER.
    In an action against an executor for services in nursing decedent in her lifetime, testimony of a witness for defendant executor as to whether the witness

Syllabus.

knew of decedent's financial condition during the time involved *held* admissible and not irrelevant in view of the state of evidence.

4. EXECUTORS AND ADMINISTRATORS—EXISTENCE OF CONTRACT BY DECEDENT TO PAY FOR SERVICES, AND VALUE THEREOF IF RENDERED, JURY QUESTIONS.

In an action against an executor for services in nursing decedent in her lifetime, whether decedent did or did not promise to pay plaintiff for the services, and, if the services as claimed by plaintiff were performed by her under the alleged contract, what they were reasonably worth to decedent, *held* questions for the jury.

5. CONTRACTS—DEFINITION.

A "contract" is an agreement between two or more persons for a good and sufficient consideration to do nor not to do a particular thing.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Contract.]

6. CONTRACTS—NEED NOT BE INWRITING AND MAY BE "EXPRESS" OR "IMPLIED."

A contract need not be in writing, and the terms may be either expressed or implied; an "express contract" being one where the terms are stated in so many words, and an "implied contract" one where a party receives benefits from another under such circumstances the law presumes a promise on his part to pay a reasonable price.

7. WORK AND LABOR—CONTRACT NOT FIXING COMPENSATION AFFORDS RIGHT TO RECOVER REASONABLE VALUE.

If decedent in her lifetime promised to pay plaintiff for nursing services without specifying any amount, but failed to do so, and plaintiff has not been paid, she is entitled to recover of decedent's executor such an amount as the services were reasonably worth as disclosed by the evidence.

8. EXECUTORS AND ADMINISTRATORS—MATTERS OF EVIDENCE WHICH MAY BE CONSIDERED IN ACTION FOR SERVICES RENDERED DECEDENT STATED.

In an action against an executor for nursing decedent in her lifetime pursuant to an express contract to pay, it is proper for the jury to consider all circumstances as testified to by the witnesses tending to prove the contract as alleged, and the indebtedness as claimed, any testimony or exhibits negativing the contract and any liability of defendant, the financial ability of decedent during her lifetime to pay her just bills, and her general reputation for prompt payment.

9. EVIDENCE—DUTY OF JURY TO RECONCILE CONFLICTING EVIDENCE.

When the evidence is conflicting, it is the jury's duty to reconcile it if possible; but, if it cannot be reconciled, the jury should accept such evidence as it deems worthy of credit, and reject any believed to be unworthy, considering the apparent fairness of the witnesses and their intelligence, knowledge, and opportunities for observation.

10. EVIDENCE—JURY IS CONTROLLED BY PREPONDERANCE OF EVIDENCE.

The jury in reaching its verdict is to be controlled by the greater weight or preponderance of the evidence, which does not necessarily mean the greater number of witnesses.

11. LIMITATION OF ACTIONS—RUNNING OF STATUTE TOLLED BY ACKNOWL-
EDGMENT OF DEBT.
    Acknowledging the existence of a debt tolls the running of limitations.

(*June* 3, 1919.)

RICE, J., sitting.
*William W. Knowles* and *L. Irving Handy* for plaintiff.
*Robert G. Harman* for defendant.
Superior Court for New Castle County, May Term, 1919.

SUMMONS CASE, No. 100, March Term, 1919.
Action by Anna E. Palmer against George Lodge, executor of Orpah P. Pierce, deceased. Verdict for plaintiff.

[1] The plaintiff introduced evidence to show that Orpah P. Pierce, during the latter part of her lifetime, was an aged and invalid woman; that she was wealthy and that, during the last years of her life, she lived with the plaintiff, whose time was given, to the detriment of her home and husband, almost entirely to nursing and caring for deceased; that during her last years the deceased frequently, and to numerous persons, expressed her appreciation of her dependence upon the plaintiff and her intention to pay the plaintiff "so well that she would never have to work any more"; and that the plaintiff, had previously presented to the Executor a probated bill for her claim. The duplicate probated bill was produced at the trial, which was objected to, on the ground that it was not the original required by the statute. The objection was overruled.

The plaintiff, being asked, "Have you ever received any compensation for your services in nursing Mrs. Pierce?" The question was objected to as being a transaction with deceased.

RICE, J.:—The question comes within the exception of the statute. The objection is sustained.

It was shown for the defendant that the deceased, during the time she lived with plaintiff, in addition to paying her board, performed acts of financial assistance to plaintiff and her husband; that she frequently visited friends and relatives and was, therefore, for considerable periods, away from plaintiff,

and that she was amply able to pay her just debts during her lifetime, and that her reputation for the prompt payment of her bills was good.

[2]   A witness for defendant was asked, "Did Mrs. Pierce ever have any talk with you in regard to Mrs. Palmer, as to whether or not she owed her any money?" The question was objected to on the ground that the testimony offered is self-serving. *Schagrin v. Schagrin*, 5 *Boyce* 318,  92 *Atl.* 862, was relied upon in support of the question.

RICE, J.:—I do not consider this case an authority for the admission of this testimony.   I sustain the objection.

[3]   The same witness was further asked, "Did you know of Mrs. Pierce's financial condition during the five years from March 24, 1913, to February 21, 1918?"  Objected to on the ground of irrelevancy.   *Dougherty v. White*, 2 *Boyce* 316,  80 *Atl.* 237, *Ann. Cas.* 1914C, 876, was cited in support of the question, with the statement that it was permissible to show that the deceased was a wealthy woman and could and would have paid plaintiff's claim if she had owed it.

RICE, J.:—In view of the state of the evidence, the objection is overruled.

RICE, J., charging the jury:

This is an action of assumpsit brought by Anna E. Palmer, the plaintiff, against George Lodge, Executor of the estate of Orpah P. Pierce, deceased, and is based upon contractual relations which the plaintiff alleges existed between the plaintiff and Orpah P. Pierce, the deceased.

The plaintiff claims that the estate of Orpah P. Pierce, is indebted to her in the sum of $4,580 as compensation for services performed as a nurse and personal attendant for Orpah P. Pierce at stated periods from March 14th, 1913, to the twenty-first day of February, 1918, at the special instance and request of the said Orpah P. Pierce and upon her special promise to pay the plaintiff for the services so rendered; for which the plaintiff claims she has

not been paid. The plaintiff further claims that the physical condition of Orpah P. Pierce, during the period covered by the plaintiff's claim for services, was so greatly impaired and she was infirm to the degree that she required constant personal attention and nursing.

The defendant denies that Orpah P. Pierce in her lifetime promised to pay the plaintiff for the services as claimed by her, and that for any services that the plaintiff performed for the deceased, Orpah P. Pierce, she was amply and fully paid. The defendant also claims that Orpah P. Pierce, the deceased, was in sufficiently good health as not to require services and personal attention to the extent claimed by the plaintiff.

Counsel for the defendant has requested the Court to give you binding instructions to find a verdict in favor of the defendant; but this the Court declines to do because it is of the opinion that the case should be submitted to the jury for their consideration and determination under the evidence taken in connection with the law as the court shall state it.

[4] It is for you, gentlemen of the jury, after considering all the evidence in the case, to say whether Orpah P. Pierce, the deceased, did or did not during her lifetime promise to pay the plaintiff for the services alleged by her to have been performed, and if the services as claimed were performed by her under the alleged contract what they were reasonably worth to Orpah P. Pierce.

Under the state of the evidence and the pleadings in this case the plaintiff cannot recover unless you are satisfied from the evidence that Orpah P. Pierce, made an express agreement with the plaintiff for her services as alleged and promised to pay her for such services. The plaintiff would not be entitled to recover in this action upon an implied promise between the decedent and the plaintiff with respect to the alleged services, and plaintiff cannot recover if you should find that there is nothing due and owing her from the estate of the deceased, by reason of the alleged services.

[5, 6] As before stated, this action is based upon an alleged contract between the decedent and the plaintiff. A contract is defined to be an agreement between two or more persons, for a

Charge.

good and sufficient consideration to do or not to do a particular thing. It is not necessary that a contract be in writing and the terms may be either expressed or implied. An express contract is one where the terms of the agreement are stated in so many words, and an implied contract is where one party receives benefits from another person, under such circumstances, that the law presumes a promise on the part of the party benefited to pay a reasonable price for the same.

It is the claim of the plaintiff that the terms of the alleged contract between the plaintiff and Orpah P. Pierce were expressed with the exception that the amount of payment she was to receive from Mrs. Pierce for the alleged services was not determined and she seeks to recover for the alleged services at the rate of twenty dollars per week.

[7] If you should find that Orpah P. Pierce, in her lifetime, promised to pay Anna E. Palmer, the plaintiff, for her services as alleged by the plaintiff, and that she has not been paid for such services then your verdict should be in favor of the plaintiff for such an amount as you may find the services were reasonably worth, as disclosed by the evidence.

One party to the alleged contract cannot testify with respect to the alleged contract because she is now deceased, and the other party to the alleged contract is not permitted to testify by reason of a statute in this state, only under circumstances which are not present in this case.

In determining the questions whether there was or was not a contract as alleged for the services as claimed by the plaintiff, and also whether or not the estate of Orpah P. Pierce is now indebted to the plaintiff for services as claimed under the alleged contract, it is your duty to consider all the evidence in the case introduced on the part of the plaintiff, and that introduced in behalf of the defendant.

[8] It is proper for you to consider all the facts and circumstances surrounding the transaction as the same has been testified to by all the witnesses, proving or tending to prove, the existence of the contract as alleged and the indebtedness as claimed, and any testimony or exhibits which negative or rebut the existence of

the contract as alleged and any liability by the defendant under the terms of the contract as alleged; the financial ability of the decedent during her lifetime to pay any just claims or bills against her, and which were presented to her for payment, and the general reputation of Orpah P. Pierce for the prompt payment of her just debts.

[9, 10]   When the evidence is conflicting, as it is in this case, it is your duty to reconcile it if you can.   It you cannot reconcile it, you should accept such evidence as you may deem to be worthy of credit and reject any you believe to be unworthy of credit; taking into consideration the apparent fairness of the witnesses as they appear upon the stand, their intelligence and knowledge and opportunities which the various witnesses had for seeing and observing the facts to which they have testified.   You are to be controlled by the greater weight or preponderance of the evidence in reaching your verdict.   And this does not necessarily mean the greater number of witnesses.

[11]   Our statute of limitations provides that no action of this character shall be brought after the expiration of three years from the accruing of such cause of action.   But this provision does not apply when the person charged with a debt acknowledges its existence within three years of the bringing of the suit.

We will say to you that under the evidence in this case, unless you are clearly of the opinion that the deceased, within three years of the bringing of this suit, promised to pay the plaintiff for her services, or within that time acknowledged the existence of her claim, you cannot find a verdict for the plaintiff for any services performed by her more than three years before the bringing of her suit.   This action was brought on the first day of March, 1919.

Verdict for plaintiff.