**MINSKI v. UNITED STATES.**
**DELIA v. SAME.**

Nos. 9157, 9179.

Circuit Court of Appeals, Sixth Circuit.

Dec. 2, 1942.

Writ of Certiorari Granted Feb. 15, 1943.

Harold H. Armstrong, of Detroit, Mich. (Harold H. Armstrong and Lawrence J. Verdier, both of Detroit, Mich., on the brief), for appellant William Minski.

Morton A. Eden, of Detroit, Mich. (Jack N. Tucker and Morton A. Eden, both of Detroit, Mich., on the brief), for appellant Frank Delia.

John C. Ray, of Detroit, Mich. (John C. Lehr and John C. Ray, both of Detroit, Mich., on the brief), for the United States.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

HICKS, Circuit Judge.

These cognate cases are disposed of by one opinion.

Appellant Minski was convicted upon the first and second counts of an indictment which alleged violations of sub-section (f) of Sec. 2 of the Federal Firearms Act, 52 Stat., ch. 850, p. 1250 et seq., 15 U.S.C.A. § 902, sub-section (f), (i), and upon a third count which alleged a violation of sub-section (i) of Sec. 2 of the same Act (§ 902 subsec. (i).

Appellant Delia was convicted upon both counts of an indictment which alleged violations of sub-section (f) of the statute. Sub-section (f) is as follows: "(f) It shall be unlawful for any person who has been convicted of a crime of violence or is a fugitive from justice to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce, *and the possession of a firearm or ammunition by any such person shall be presumptive evidence that such firearm or ammunition was shipped or transported or received, as the case may be, by such person in violation of this Act* [chapter]." (Italics ours.)

Sub-section (i) is as follows: "(i) It shall be unlawful for any person to transport, ship, or knowingly receive in interstate or foreign commerce any firearm from which the manufacturer's serial number has been removed, obliterated, or altered, *and the possession of any such firearm shall be presumptive evidence that such firearm was transported, shipped, or received, as the case may be, by the possessor in violation of this Act* [chapter]." (Italics ours.)

The facts are, that Minski was on November 10, 1921, convicted in the Recorder's Court of Detroit of robbery while armed, and a sentence of 10 to 20 years was imposed. There was substantial evidence that on September 22, 1941, Minski, while driving along the streets of Hamtramck, Mich., was stopped by police officers, who found on the floor of his car a 45 caliber Colt, frontier model, single action, revolver, from which the manufacturer's serial number had been obliterated.

The revolver was loaded with five Remington 45 caliber ball cartridges. There was stamped thereon the name and address of the maker and the place of manufacture, to wit, Hartford, Conn. The cartridges were manufactured by Remington Cartridge Company of Bridgeport, Conn. There was evidence that the revolver was 40 or 50 years old.

In Delia's case the facts are, that on October 4, 1930, he was convicted in the Recorder's Court of Detroit of robbery while armed and was given an indeterminate sentence of from 12½ to 25 years. There was substantial evidence that on September 25, 1941, he was found in Detroit in possession of a Victor 38 caliber, double action, No. 19435 revolver, containing two 38 caliber Peters cartridges and three R.W.S. 38 caliber cartridges. This revolver was made about 1920 by Harrington Richardson in Worcester, Mass. Some of the cartridges were made in Ohio and the others in Germany.

The caption of this act is: "To regulate commerce in firearms." Sub-section (f) applies to two classes of persons, to wit: (1) those who have been convicted of a crime of violence; and (2) those who are fugitives from justice, but not to either unless they have received a firearm or ammunition which has been shipped or transported in interstate or foreign commerce. Sub-section (i) applies to all who transport, ship or knowingly receive in interstate or foreign commerce any firearm from which the manufacturer's serial number has been obliterated or altered.

Ordinarily it would not be difficult for the Government to prove that a defendant found with forbidden firearms or ammunition was a convict of the class mentioned, or a fugitive from justice, but to establish that the forbidden articles had been shipped, transported or received in interstate commerce, would raise for it an almost insuperable burden unless the law should bring to its aid some character of presumptive evidence. This is true because the circumstances under which the defendant has acquired possession of the forbidden articles are in most cases peculiarly within his knowledge. For this reason the Congress undertook to bring to the aid of the Government, in its task of enforcing the statute, the "presumptive evidence" clauses which we have italicized.

The principal question here is whether the presumptions provided by sub-sections

(f) and (i) were violative of the due process clause of the Fifth Amendment.

■ Statutory presumptions, whereby the proof of one fact or group of facts shall constitute prima facie or presumptive evidence of the main or ultimate fact, are not, per se, illegal. Such statutes have been upheld even in criminal cases. Yee Hem v. United States, 268 U.S. 178, 45 S. Ct. 470, 69 L.Ed. 904; Copperthwaite, et al. v. United States, 6 Cir., 37 F.2d 846, 848.

In Mobile, J. & K. C. R. R. Co. v. Turnipseed, Adm'r, 219 U.S. 35, 42, 31 S.Ct. 136, 138, 55 L.Ed. 78, 32 L.R.A.,N.S., 226, Ann.Cas.1912A, 463, the court upheld legislation which provided, as a rule of evidence, that the proof of one fact shall constitute prima facie evidence of the main fact in issue, but it pointed out a well-recognized qualification to the rule that it is "essential that there shall be some rational connection between the fact proved and the ultimate fact presumed, and that the inference of one fact from proof of another shall not be so unreasonable as to be a purely arbitrary mandate."

In McFarland v. American Sugar Co., 241 U.S. 79, 36 S.Ct. 498, 501, 60 L.Ed. 899, the court reviewed a statute of Louisiana, which created the rebuttable presumption that any person systematically paying in that state a lower price for sugar than he paid in any other state is a party to a monopoly or conspiracy in restraint of trade. Quoting, as we have done from the Turnipseed case, the court said further: "As to the presumptions, of course the legislature may go a good way in raising one or in changing the burden of proof, but there are limits. * * * The presumption created here has no relation in experience to general facts. It has no foundation except with tacit reference to the plaintiff. *But it is not within the province of a legislature to declare an individual guilty or presumptively guilty of a crime.*" (Italics ours.)

In Manley v. State of Georgia, 279 U.S. 1, 49 S.Ct. 215, 216, 73 L.Ed. 575, the court had before it a Georgia banking act which declared, that "every insolvency of a bank shall be deemed fraudulent, and the president and directors shall be severally punished by imprisonment and labor in the. penitentiary * * * *provided,* that the defendant * * * may repel the presumption of fraud by showing that the affairs of the bank have been fairly and legally administered, * * *."

The court said: "State legislation declaring that proof of one fact or a group of facts shall constitute prima facie evidence of the main or ultimate fact in issue is valid *if there is a rational connection between what is proved and what is to be inferred.* * * * A statute creating a presumption that is arbitrary or that operates to deny a fair opportunity to repel it violates the due process clause of the Fourteenth Amendment. Bailey v. [State of] Alabama, 219 U.S. 219, 233, et seq., 31 S.Ct. 145, 55 L.Ed. 191. Mere legislative fiat may not take the place of fact in the determination of issues involving life, liberty or property." (Italics ours.)

In Western & A. R. R. Co. v. Henderson, 279 U.S. 639, 49 S.Ct. 445, 447, 73 L. Ed. 884, a Georgia statute provided that upon the mere fact of a collision between a railway train and a vehicle at a highway grade crossing and resulting death, a presumption arose that the company and its employees were negligent in the particulars alleged in the complaint, etc. The court held that the presumption was unreasonable and arbitrary and violated the due process clause of the Fourteenth Amendment. It said: "A statute creating a presumption that is arbitrary, or 'that operates to deny a fair opportunity to repel it, violates the due process clause of the Fourteenth Amendment. Legislative fiat may not take the place of fact in the judicial determination of issues involving life, liberty, or property."

In Morrison v. People of State of California, 291 U.S. 82, at page 90, 54 S.Ct. 281, at page 285, 78 L.Ed. 664, it is said: "What is proved must be so related to what is inferred in a case of a true presumption as to be at least a warning signal according to the teachings of experience."

So, also, in Adams v. New York, 192 U.S. 585, 593, 24 S.Ct. 372, 48 L.Ed. 575, it is said: "The legislature may enact that when certain facts have been proved, they shall be prima facie evidence of the existence of the main fact in question, *provided the inference of the existence of the main fact, because of the existence of the fact actually proved, must not be merely and purely arbitrary or wholly unreasonable, unnatural or extraordinary.*" (Italics ours.)

To substantially the same effect, see Bailey v. State of Alabama, 219 U.S. 219, 238, 31 S.Ct. 145, 55 L.Ed. 191.

 In Insurance Co. v. Weide, 78 U.S. 438, 441, 11 Wall. 438, 20 L.Ed. 197, the court said: "A presumption is an inference as to the existence of a fact not actually known, arising from its usual connection with another which is known. * * *"

[4] In the Yee Hem case, supra, and the Copperthwaite case, supra, the requisite element of reasonableness in statutory presumptions was adverted to. See, also, Luria v. United States, 231 U.S. 9, 25, 34 S.Ct. 10, 58 L.Ed. 101. There must be some logical connection or relationship based upon common knowledge, reason and experience between the proven fact or facts and the inferred or presumptive fact. If such connection does not exist, it follows, obviously, that a defendant is exposed to conviction upon evidence which has no probative value; or, put in another way, upon no evidence at all. It follows, further, that if at the close of the Government's proof the accused seeks to defend himself, the burden is cast upon him of explaining a situation which up to that point had no incriminating tendency or effect.

 With reference to sub-section (f), we find no basis for the proposition that if an ex-convict is found with a firearm or ammunition an inference or presumption follows that he received, shipped or transported those articles in interstate commerce. Such presumption does not exist in fact and cannot be brought into existence by legislative fiat.

Presumptions are founded on the ordinary course of things; and common knowledge or experience does not teach that the class of persons with which we are here dealing usually procures firearms through the channels of interstate commerce. It is as likely that the firearms and ammunition found upon appellants were acquired within the State of Michigan in an intrastate transaction. We are here forced to deal in guesswork and one guess is as good as another. Suppose appellants had been apprehended in one of the New England states, where such weapons appear to be manufactured, would the presumption logically arise that they had acquired them or brought them from without the state?

 Then again, the Minski revolver was 40 or 50 years old, and the Delia re-

volver about 20 years old. Is there any reasonable presumption that these weapons were acquired by appellants in violation of this act after June 30, 1938, the date of its passage?

 Equally, under sub-section (i), we think it is a non sequitur that the possessor of a firearm from which the manufacturer's serial number has been obliterated 'must presumptively have transported, shipped or received it in interstate commerce. The very age of the weapons here involved demonstrates the unfairness of drawing any inferences from the obliterated markings as to the manner of their acquisition or possession.

 The guaranty of the due process clause of the Fifth Amendment is, that a law shall not be unreasonable, arbitrary or capricious, and we think that the presumptive evidence clauses of the act here involved must fall before the constitutional inhibition. We are aware that some District Courts have found otherwise but we are not in accord with such holdings.

The judgments appealed from are reversed, and the cases remanded to the District Court for proceedings not inconsistent herewith.