## NATHAN BARBERO

### *v.*

## JOEL THURMAN, Administrator.

LIMITATIONS—*of "exhibiting" a claim against an estate.** On the day appointed by an administrator for the adjustment of claims against an estate, and within two years after letters of administration were granted, a creditor of the estate filed his claim in the probate court: *Held*, that the claim was "exhibited" in the manner and within the time required by law to prevent the bar of the two years statute of limitations in regard to the presentation of claims against estates, not-

---

*See *Mason* v. *Tiffany*, *Adm'x.*, 45 Ill. 393.

withstanding there was no special order of continuance from term to term, and the claim was dropped from the docket for a period of over three years before its final adjudication.

WRIT OF ERROR to the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

The opinion states the case.

Mr. A. M. CRAIG, for the plaintiff in error.

Mr. P. H. SANFORD, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a claim, in the form of a promissory note, filed for allowance against the estate of William Darnell, deceased, on the 16th of March, 1863, in the Knox County Court—that being the day appointed by the administrator for the adjustment of claims. It was continued to the April term, and then to the May term, and after that was not docketed, but no order had been made disposing of the claim. At the September term, 1866, the case was again docketed, and the parties appeared and continued it by agreement to the 4th of October, when it was again continued by agreement of parties to the October term. At that term the cause was tried, and the court allowed the claim. An appeal was prosecuted to the circuit court, where the claim was disallowed, and the record is now brought here.

It is contended,—and this is the only defense made to the note,—that it is barred by the two years statute of limitations in regard to the presentation of claims against estates. The argument is, that, although the claim was presented on the day named by the administrator, and was of a character to require no proof unless impeached by evidence on behalf of

the estate, still the fact that it was dropped from the docket, and allowed to remain without adjudication for more than three years, should operate as a bar, and the cases of *Propst* v. *Meadows*, 13 Ill. 157, and *Reitzell* v. *Miller*, 25 ib. 70, are quoted as authority.

The point really decided in *Propst* v. *Meadows* was, that a claim which had been filed at the time appointed by the administrator, and which was not adjudicated, and not continued to a future term by an express order, could not be taken up at a future term and allowed, in the absence of the administrator, and without notice to him. In *Reitzell* v. *Miller* the court merely decided that the filing of a claim in the probate court at a time not appointed by the administrator for the adjustment of claims, was not such a commencement of suit as would stop the running of the general statute of limitations of five years.

Neither of these decisions covers the case at bar. The statute of wills provides, that all demands not exhibited within two years after letters of administration are granted shall be barred, except as to property not inventoried. The appellee relies upon this statute. But the statute says, " the manner of exhibiting claims against the estate of any testator or intestate may be by serving a notice of such claim on the executors or administrators, or presenting them the account, or filing the account or a copy thereof with the court of probate." In this case the note was filed within the two years, and on the day fixed by the administrator. The appellant has thus literally complied with the requirements of the statute. What matter that the clerk neglected to keep it on the docket, or that there was no special order of continuance from term to term? Granting that this rendered a new notice to the administrator necessary before allowing the claim, yet it did not affect the fact that the claim had been exhibited within the time, and in the manner, required by the statute, and the bar of the statute saved. The administrator was thus apprised of its existence,

and before its final adjudication he was again notified, and after another continuance by consent the claim was litigated and allowed.

We are of opinion that the claim was not barred, and the judgment of the circuit court must be reversed.

*Judgment reversed.*