MARY E. HOGG *v.* ELIZABETH W. LOBB'S EXECUTOR.

*Married Woman's Act — Construction of Statutes — Action by Married Woman — Statute of Limitations.*

In the construction of statutes, unless words used in them have some technical meaning they shall be taken to have been used in their ordinary sense or meaning.

The word *family* in the "Act for the protection of women" has no technical meaning, and is there used in its ordinary sense or meaning.

Supplying a nurse to a sick boarder is no part of the ordinary contract of boarding. And the plaintiff, being a married woman, having nursed a sick boarder in the family of her husband, with an understanding that she should be paid for said nursing, may recover in her own name the value of said services out of the estate of said sick person, afterwards deceased.

Recognition of indebtedness by the deceased person within three years prior to bringing suit will take the claim out of the statute of limitations.

(<em>New Castle, December 7, 1886.</em>)

ACTION OF ASSUMPSIT for nursing the testatrix, sum demanded sixteen hundred and twelve dollars with interest from Sept. 3, 1885.

The testatrix boarded with plaintiff for many years and since eighteen hundred and eighty she had been afflicted with chronic erysipelas which caused an ulceration of one of her limbs between

the knee and ankle and also with chronic diarrhea and she had often told the plaintiff that she should be paid for her trouble.

*Chas. B. Lore,* for the defendant :

Under our married woman's statute can the plaintiff who is married and was at the time and is still living with her husband as a member of his family, maintain an action in her sole name for the services rendered by her in nursing the testatrix while a boarder and lodger in the family of her husband, and as she was a boarder and lodger in the family of the husband, and as such was nursed by her in the family, were not the services rendered by her for the family in contemplation of the statute as much so as any other services rendered her or any other boarder at the time in the family ? Has anything been proved in this case to take it out of the operation of the act of limitation which after the lapse of three years barred the action on any promise of the testatrix if any was ever made by her, to pay the plaintiff for nursing her ?

*Harry Emmons,* on same side.

*Levi C. Bird,* for the plaintiff: This was a personal service and not for labor performed for the family. And if it was any defence to the action it should have been specially pleaded and cannot be taken advantage of now under any one of the pleas in this case which was simply the usual pleas filed in an action of assumpsit. On the other point I contend that in accordance with the decisions upon that question, it is a question of fact to be determined by the jury.

COMEGYS, C. J., charged the jury: This is the first case in which an action has been brought in this Court by a married woman, living with her husband, in her own and sole name since the passage of the statute of 1873 in regard to married women.

The rule for the construction of statutes is—that unless words used in them have some special meaning in law, that is, technical meaning, they shall be taken to have been used in their ordinary sense or meaning, that sense in which they are usually understood in common

speech. Regarding the word *family* then in the "Act for the protection of women" (Rev. Code, page 479, sec. 3) in this latter sense, for it has no technical meaning, we say to you that it means the household, or collection of persons, including husband, wife, children, lodgers, servants, residing together and receiving diet, lodging, etc., from a common supply, or source—and subject to rules for their government, as members of such household, with respect to such membership. Keeping this definition in mind, then what duties, other than those of a moral nature, devolved upon the plaintiff in this action with reference to the family of her husband? She was his wife—her husband was the legal head of the family. It was her duty, as wife, to do and superintend the doing of all such acts and things as were necessary for the due and proper management of the domestic concerns of the household, so far as her ability enabled her, and the means supplied her by her husband were adequate for the purpose. This included among other things the keeping of the house in good and clean condition, the proper cooking and furnishing at reasonable hours of food for her husband and the children of the household, due attention to their wardrobe, and nursing and attention to them in sickness. It included also attention of the same kind to her boarder, with the exception of attention to her wardrobe and nursing her in her illness. No duty was upon her as the wife of her husband to do that. To attend to her ordinary wants as a healthy person (if she had been one) would have been part of her duty as wife; but to nurse her in her illness was no part of it. The duty of a wife is to her husband and children; it is not to a boarder, beyond supplying him or her with food and lodging in good condition according to the price paid for such entertainment. She is no more bound to become the boarder's nurse than she would be to become his or her physician if she have the requisite skill. Nursing is a distinct occupation; and supplying a nurse to a sick boarder, is no part of the ordinary contract of boarding. If therefore the jury should be of opinion that the plaintiff was the nurse of the deceased, and that such deceased recognized her as such, and that her services in that respect were not gratuitous, but were to be paid for by her, or out of her estate, then the plaintiff is entitled to recover such value as she has proved such services to have been worth. And in answer to the objection that if she can re-

cover anything, she cannot go back for more than three years from the time of bringing the suit, we say to you that if you find, from the testimony, that recognition by the deceased of her indebtedness to the plaintiff, was made from time to time during the period for which the claim is made (five years), one of which was before three years from the 3d of September, 1880, had expired, and another within three years of the first time and a like time before the bringing of the suit (15th September, 1885), then there is no bar to the recovery for five years of services as nurse.

Verdict for plaintiff.