DWIGHT McINTIRE v. CHARLES F. CONRAD ET AL. (ORIG-INAL BILL), AND CHARLES F. CONRAD v. DWIGHT McINTIRE (CROSS-BILL).

*Mortgage—Assignment— Foreign executor—Foreclosure — Personal liability—Statute of limitations.*

1. A foreign executor, before the issuing of ancillary letters upon the probate of the will in Michigan, assigned an undivided half of a mortgage and accompanying note to the mortgagor, which assignment authorized the assignee, in case of payment, to discharge the mortgage. Without any payment having been made to, and without the knowledge of, the executor, the assignee discharged the mortgage, after which ancillary letters testamentary were issued in Michigan to the foreign executor, who assigned the mortgage and note to himself as residuary legatee, and then filed a bill in his individual character to foreclose the mortgage. And in affirming a decree in his favor it is held:

  *a*—That, as the assignee was himself the maker of the note and mortgage, the payment referred to in the assignment was one to be made by him to the person entitled to receive the same, and as no payment was made to the executor, who held the remaining interest in the mortgage, the condition precedent to the exercise of the authority to discharge was not fulfilled.

*b*—That the assignment did not relieve any portion of the mortgaged premises from the burden of the mortgage, which remained a security for the entire debt; and that in any foreclosure proceeding both the complainant and mortgagor, being holders of separate interests in the mortgage, would be necessary parties.

*c*—That if interests had intervened after the giving of the mortgage, so that it might be equitable for the mortgagor to enforce the interest assigned to him, he would have that right.

2. How. Stat. § 8722, which provides that if the person entitled to bring any of the personal actions enumerated in chapter 302 shall die before the expiration of the time limited for bringing the same, or within 30 days after the expiration of such time, the action may be commenced by the executor or administrator of the deceased person at any time within two years after granting letters testamentary or of administration, applies to a grant of ancillary letters on the probate of a foreign will.

3. An assignment by a foreign executor of a Michigan mortgage and accompanying note is ineffectual to transfer the securities; citing *Reynolds v. McMullen*, 55 Mich. 568.

Appeal from Marquette.    (Stone, J.)    Argued October 13, 1892.    Decided December 2, 1892.

Bill to foreclose a mortgage.    Defendant Conrad appeals. Decree modified and affirmed.    The facts are stated in the opinion.

*Uhl & Crane*, for complainant.

*Irvin Palmer*, for appellant.

MONTGOMERY, J.    The original bill was filed to foreclose a mortgage made by the defendant Charles F. Conrad and wife to Arnold McIntire on the 25th day of August, 1873, and given to secure a promissory note of that date for $6,000, with interest at 10 per cent., payable annually, principal sum due four years after date.    The mortgage covered an undivided one-sixth interest in certain lands in the county of Marquette, and was duly recorded.    In January, 1881, Arnold McIntire died, leaving

a last will and testament, whereby, after making certain specific bequests, he bequeathed the residue of the estate to the complainant. At the date of his decease he was a resident of Tompkins county, in the state of New York.[1] August 15, 1881, the probate court for the county of Marquette allowed this last will and testament as a foreign will, but letters testamentary were not in fact issued to the complainant until March 9, 1891, when complainant gave a bond as executor of the estate to the probate court, and letters testamentary with the will annexed were issued to him.

On November 1, 1887, the complainant assigned to the defendant Charles F. Conrad the undivided one-half interest in this note and mortgage, and this assignment was duly recorded in the office of the register of deeds. On the 23d of April, 1888, the defendant Charles F. Conrad, without the knowledge of the complainant, executed and acknowledged a satisfaction of this mortgage, which recited that the undivided one-half interest in said mortgage had been assigned to said Charles F. Conrad, and which said discharge was duly recorded. No part of the principal or interest secured by this mortgage has been paid, and on the 2d day of June, 1891, the complainant filed a bill to foreclose this mortgage against the defendant Charles F. Conrad, Mary E. Conrad, and the Saginaw Iron Mining Company. The defendant Conrad appeared, and put in an answer, admitting the execution of the note and mortgage, the record, and assignment to him; and set up:

1. That he had discharged the mortgage of record.
2. That the note and mortgage had been fully paid.
3. That on June 28, 1888, for the consideration of $10,000, he, together with his wife, conveyed certain lands

---

[1] January 31, 1881, the will was admitted to probate in the surrogate's court for Tompkins county, and letters issued to complainant as executor.

to the complainant, upon the latter's agreement to retain sufficient of the consideration to pay the amount due him on the mortgage and note, and to pay over the balance.

Defendant Conrad also filed a cross-bill, setting up substantially the same facts averred in his answer, and praying an accounting for the $10,000, the surrender of the note and mortgage, and a decree for the statutory penalty; and on the hearing he was further permitted to set up by way of answer and amendment to his cross-bill that McIntire entered into a collusion and conspiracy with one Francis M. Moore to defraud and cheat defendant Conrad out of a one-sixth interest in 2,484 acres of land in the county of Marquette, described in the cross-bill, alleging that he had purchased the lands in question from Francis M. Moore, as assignee in bankruptcy of the Michigan Iron Company, and that Mr. Moore represented to Conrad that, unless he should make a sale of this one-sixth interest, he (Moore) would take away all the title which Conrad had acquired by the sale, and that defendant was induced by the fraudulent representations made by Moore, and McIntire, as the agent of Moore, to make conveyance of the lands in question, and that McIntire, by reason of said conspiracy and collusion, became liable to account for and pay to defendant the full value of said land, which was at the time the sum of $50,000.

The case was heard upon proofs taken in open court, and a decree entered in favor of the complainant for the amount due upon the note, with interest, amounting to the sum of $9,958.06; the decree providing that the defendant Charles F. Conrad was personally liable for the payment thereof, and also providing for the usual sale on foreclosure.

1. The charge of fraud set up in the cross-bill is not sustained by the evidence. It appears that in May, 1882,

Conrad executed and delivered to Moore a land contract, by which he agreed to sell to Moore an undivided one-sixth interest in the 2,484 acres of land subsequently deeded to McIntire.    On the 22d of June, 1888, Conrad and wife conveyed to McIntire the land covered by the contract previously executed to Moore, and McIntire afterwards conveyed to Moore.    We are satisfied that the reason why this conveyance was made to McIntire was that Mr. Conrad thought it might affect his title in some way to deed direct to Moore, by reason of the fact that Moore had sold the land to him as assignee in bankruptcy; but we are satisfied that the circuit judge was right in holding that there was not sufficient evidence of fraud, and in disallowing the claim asserted by Conrad to the purchase price of this land.    It would serve no good purpose to review at length the testimony given upon this subject, but a careful examination of the record has convinced us that the circuit judge could have reached no other conclusion than he did.

2. It is claimed by the appellant that the execution of the discharge by Conrad relieved the mortgaged premises from the incumbrance, or that at least one-half the mortgage was discharged, and therefore the decree should have been against an undivided one-twelfth interest, instead of one authorizing the sale of the undivided one-sixth interest.

The assignment of the interest in the mortgage from complainant to Conrad was an assignment of "the undivided one-half of a certain indenture of mortgage, bearing date the 25th day of August, 1873, made by Charles F. Conrad and Mary E. Conrad to Arnold McIntire, *  *  *  * with all and singular the premises therein mentioned and described, together with one-half of the note or obligation therein also mentioned, and one-half of the moneys now due and one-half of the interest that may hereafter grow due thereon," and contained the usual power of

attorney, appointing the party of the second part (Conrad) true and lawful attorney of the party of the first part,—

" To take all lawful ways and means for the recovery of the sum or sums of money now due and owing, or hereafter to become due and owing, upon the said note and mortgage, and, in case of payment, to give acquittance or other sufficient discharge as fully as I might or could do if these presents were not made."

As Conrad was himself the maker of the note and mortgage, the only payment that could be referred to by this provision was a payment which he (Conrad) should make to the person entitled to receive the same; and, as no payment was made to the holder of the remaining interest in the mortgage, it follows that the condition precedent for the authority to discharge was not fulfilled.    Nor do we think that the effect of this assignment was to relieve any portion of the mortgaged property from the burden of the incumbrance.    *Page v. Pierce*, 26 N. H. 317; *American Wheel Co. v. Buggy Co.*, 89 Mich. 15.    If interests had intervened after the giving of this mortgage, so that it might be equitable for Conrad to enforce the interest in the mortgage assigned to him, he would undoubtedly have had that right, but this he never saw fit to exercise.    The mortgage was but a security for the debt, and it remained, as well after as before the assignment, a security for the entire debt,—not divisible, but entire; and in any foreclosure proceeding both Conrad and McIntire, being holders of separate interests in the mortgage, would be necessary parties.

3. It is contended that this foreclosure is barred as to the two payments of interest due August 25, 1874, and August 25, 1875, by section 8709, How. Stat., which reads:

" No suit or proceeding shall be maintained to foreclose a mortgage on real estate, either at law or in equity, unless commenced within fifteen years from and after such mortgage shall become due and payable, or within fifteen years

after the last payment was made on said mortgage: *Provided, however,* that this act shall not be construed to apply to mortgages which have been due fifteen years or more, or the last payment upon which was made fifteen years or more, prior to the passage of this act; but in all such cases no suit or proceedings shall be maintained to foreclose the same unless commenced within five years after this act shall take effect."

When the act of 1879 took effect 15 years had not elapsed after the maturity of these claims for interest, hence the proviso of the statute is not applicable.    It was held in *McKisson v. Davenport,* 83 Mich. 211, that, except in cases coming within the proviso of the statute, mortgages given before the act of 1879 took effect are controlled by the 20-year limitation theretofore in force.    See, also, *Highstone v. Franks,* 93 Mich. 52.

4. Does the statute of limitations bar the right to a personal decree against defendant on the note?    Under section 8722, How. Stat., if the person entitled to bring the action should die before the expiration of the time limited, or within 30 days after the expiration of the time, the action might be commenced by the executor or administrator of the deceased person at any time within two years after granting letters testamentary or of administration, and not afterwards, if barred by the provisions of law.    A similar statute has been held to apply to a grant of ancillary letters of administration, and to extend the statute for two years from the date of their issue.    *Gallup v. Gallup,* 11 Metc. 445.    It is suggested, however, that the bill avers that the note and mortgage in question were assigned to complainant by the foreign executor; but, as to securities of this nature, such an assignment was ineffectual,[1] as was held in *Reynolds v. McMullen,* 55 Mich. 568.

---

[1] After his appointment as executor by the probate court of Marquette county, complainant assigned the mortgage and note to himself as residuary legatee.

The personal decree, however, includes the amount of the interest payment due the 25th of August, 1874, against which the statute of limitations had run prior to the decease of McIntire. This is an error, and the decree should be modified to this extent. In all other respects the decree will stand affirmed. But, as this point does not seem to have been distinctly made, we think that complainant should recover costs of both courts.

McGRATH, C. J., LONG and DURAND, JJ., concurred. GRANT, J., did not sit.