NICHOLLS–SHEPARD COMPANY, Appellant, v. ELIZA DONAVON, Administrator, etc., Respondents.

Kansas City Court of Appeals, November 9, 1896.

Probate Courts: JURISDICTION: LIMITATION. Where notice of the exhibition of a demand against an estate has been properly made and the cause has been docketed in the probate court and continued, the fact that no further steps were taken for three years does not deprive the court of jurisdiction and the two years' statute of limitation does not run against the demand.

*Appeal from the Clay Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*Theodore Emerson* and *Martin E. Lawson* for appellant.

(1) This cause was not such as could be revived by serving a notice on defendant. After a voluntary nonsuit or discontinuance there can be no revival. The cause is at an end. *Karnes v. Fire Ins. Co.*, 53 Mo. App. 438; *Choteau v. Rowse*, 90 Mo. 191. (2) Plaintiff by not following its suit abandoned it, thereby becoming nonsuited. 3 Blackstone, Com. [Chitty Ed. 1842], 316 (s. p.), p. 251. (3) After being nonsuited plaintiff could only come into court by again duly presenting his claim for allowance. This he did not do. R. S. 1889, sec. 187. (4) Two disabling statutes of limitation barred a new action; the statutory limit of two years, under the administration law, and the statutory limit of one year after nonsuit suffered. R. S. 1889, secs. 183, 184, 188; R. S. 1889, sec. 6784; *Choteau v. Rowse*, 90 Mo. 191 (195).

*Sandusky & Sandusky* for respondents.

(1) This cause was legally instituted and docketed; when neither party appeared at the November term, 1891, the court was authorized to dismiss the case for want of prosecution. *Nordmanser v. Hitchcock*, 40 Mo. 179. The court did not do so, and the case therefore necessarily remained in court. *McCall v. Lee*, 120 Ill. 261, 265; *Barbero v. Thurman*, 49 Ill. 283; 2 Woerner Am. Law Adm. 826. (2) The notice served by respondent in August, 1894, that the cause would be

called up for consideration on August 13, 1894, was not intended as a reinstitution of the suit, but was merely such reasonable notice as the law would require in any case of the contemplated calling up of a claim which, by mutual oversight, had for some time lain dormant. Hence no question of limitation arises in the case.

SMITH, P. J.—This cause originated in the probate court of Clay county. The plaintiff, on the thirteenth day of April, 1891, exhibited a certain demand to the defendant administrator, who waived service of the notice thereof and agreed that the same be heard at the May term, 1891, of said probate court. The demand was filed in the probate court at the May term, 1891, and by agreement of the parties the hearing of the same was continued until the August term following, at which last named term the parties again appeared and by agreement it was continued till the next, November, term of said court. No further steps were taken by either party to the cause until July, 1894, when the plaintiff appeared and moved the court to proceed with the hearing thereof. The court thereupon notified the defendant of the plaintiff's motion and the defendant refused to appear and proceed with the hearing.

By direction of the court, the plaintiff then gave defendant ten days' notice of his intention to ask said court to take up for consideration said demand. The cause was set down by the court for hearing on the day specified in the plaintiff's notice, on which day the defendant appeared, and objected to proceeding, for the reason that the cause had been discontinued and abandoned for two years. Notwithstanding the objections of the defendant, the court proceeded to hear and determine the cause, giving judgment for plaintiff,

ordering the allowance so made to be placed in-the fifth
class of demands against said estate. The defendant
thereupon took an appeal to the circuit court, where he
appeared (limiting his appearance for the purposes of
the motion) and moved the court to dismiss the cause
for the reason that the probate court had no jurisdiction
of the cause. This motion was overruled and judg-
ment given for plaintiff, from which defendant has
appealed.

It is conceded that within two years after the
granting of the first letters on the estate of the deceased,
the defendant, in writing, duly waived notice of the
exhibition to him of the plaintiff's demand, and that
plaintiff presented the same to the probate court for
allowance and classification in the manner provided by
law. The demand was thus legally exhibited against
the estate. The defendant, however, objects that inas-
much as the probate court only continued the cause
from the May term, 1891, to the following August
term, and made no further order of continuance there-
after, from term to term, that it was error to allow the
said demand at the July term, 1894. The demand
having been presented to the probate court in pursu-
ance of notice, within the time required by statute, it
made no difference whether the clerk kept it on the
docket or not, so long as there was no order in any
manner disposing of it. The demand had been timely
presented to the court for allowance and was still pend-
ing at the time of its allowance.

The running of the two years' statute of limita-
tions was arrested at the time of the filing of the
demand in the probate court for allowance. The
demand was not barred by the statute of limitations at
the time of its allowance. 2 Woerner's Am. Law Adm.

826; *McCall v. Lee*, 120 Ill. 261; *Barber v. Sherman*, 49 Ill. 283.

The objection that neither the probate nor circuit court had jurisdiction can not be sustained. It results that the judgment will be affirmed. All concur.