BAKER *v.* HALLECK'S ESTATE.

1. ESTATES OF DECEDENTS—CLAIMS—LIMITATIONS—SUSPENSION OF
   STATUTE.
   3 Comp. Laws, § 9737, providing that, in case of the death of
   one liable to an action before the same has become barred by
   the statute, the cause thereof may be proved as a claim
   against his estate at any time within two years after the
   granting of letters of administration thereon, is none the less
   applicable because of a delay of 12 years after decedent's
   death before applying for administration of his estate.

2. SAME—EVIDENCE—BOOKS OF ACCOUNT.
   Where, in a proceeding to enforce a promissory note against a
   decedent's estate, the defense was a denial of its execution,
   it was not error to admit claimant's books of account in evi-
   dence as a circumstance to show that the note was for the
   same amount as the books disclosed to be due, under instruc-
   tions that they could be used for no other purpose.

Error to Van Buren; Carr, J. Submitted June 24,
1901. Decided July 19, 1901.

Charles T. Baker presented a claim against the estate
of George T. Halleck, deceased, on a promissory note.
The claim was disallowed in the probate court, and claim-
ant appealed to the circuit, where he obtained a judgment.
Defendant brings error. Affirmed.

*A. Lynn Free*, for appellant.

*Benjamin F. Heckert*, for appellee.

LONG, J. Claimant filed his claim against said estate
in the probate court. The claim is upon a note for $57.50.
The estate contested it on the ground that the note was
never signed by the deceased, and, if it was, it was barred
by the statute of limitations. The probate court dis-
allowed the claim. The cause was heard in the circuit

court on appeal before a jury, and verdict found against the estate. The defenses in the circuit court were the same as in the probate court. The execution of the note was denied under oath filed in the probate court.

The note bears date and purports to have been signed by deceased September 20, 1887, payable one day after date, with interest at 7 per cent. per annum. Halleck, the maker of the note, died September 25th, or five days after the date of the note. No payments appear to have been made upon it. No application was made for the appointment of an administrator until November 28, 1899, when the claimant here made the petition under which the appointment was made. Thus 12 years, 2 months, and 3 days elapsed from the time of decedent's death to the time of the petition for administration. There were no other debts against the estate. The deceased left two heirs at law. The estate consisted of two village lots of the value of about $300, and no personal property.

It is the contention of counsel for defendant that, as the statute of limitations (section 9728, 3 Comp. Laws) began to run before the death of the intestate, his death would not suspend it, and therefore the note was barred. We think the right of the claimant to bring the action against the estate is governed by section 9737, 3 Comp. Laws, which reads as follows:

"If any person entitled to bring any of the actions before mentioned in this chapter, or liable to any such actions, shall die before the expiration of the time herein limited, or within thirty days after the expiration of the said time, and if the cause of action does by law survive, the action may be commenced by or against the executor or administrator of the deceased person, or the claim may be proved as a debt against the estate of the deceased person, as the case may be, at any time within two years after granting letters testamentary or of administration, and not afterwards, if barred by the provisions of this chapter."

It was held in *Field* v. *Loveridge*, 114 Mich. 227 (72 N. W. 160), that the statute of limitations, under this

statute, would be suspended at the death of the intestate, and would not commence to run until after letters of administration were granted. See, also, *First Nat. Bank* v. *Sherman's Estate,* 117 Mich. 602 ( 76 N. W. 97); *McIntire* v. *Conrad,* 93 Mich. 532 ( 53 N. W. 829 ).

Some claim is made that the court below was in error in permitting claimant to put in evidence his books of account. They were allowed in evidence as a circumstance to show that the note was for the same amount as the books showed to be due. We think there was no error in this, as the court charged the jury that that was the only purpose for which the books could be used.

We need not discuss the question of the due execution of the note, as that question was fully and fairly submitted to the jury for their determination. We have examined all the claims made by the defendant, and find no error. The case was fairly submitted.

The judgment must be affirmed.

The other Justices concurred.