(Surrogate's Court, Westchester County. January 27, 1905.)

ADMINISTRATION—CLAIMS OF CREDITORS—LIMITATIONS.

> Where administrators have collected the assets of the estate, and filed a petition for the settlement of their accounts, the fund in their hands becomes a trust fund for the benefit of creditors, whose claims were presented to the administrators in due time, and were not disputed, and such claims do not afterward become barred by lapse of time.
>
> [Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, § 849.]

Proceedings for the judicial settlement of the accounts of the administrator of James Hannon, deceased.

Winfield L. Morse, for next of kin.

John J. Sinnott, for widow.

Frank V. Millard, for administrators.

John P. Lee, for creditor.

SILKMAN, S. James Hannon died February 17, 1892, leaving, him surviving, a widow and two infant children. On March 13, 1892, letters of administration were granted to the accountants. On January 16, 1895, James Hannon, one of the infant children, by his general guardian, petitioned the court to compel an accounting by the administrators. In that proceeding a stipulation was entered into to the effect that, if the administrators filed their accounts on or before March 2, 1895, the compulsory proceedings would be withdrawn. On March 2, 1895, two of the administrators did file the account of all the administrators, and did file a voluntary petition to have their account settled and the parties in interest cited to attend the same. No citation was then issued, and it was only after another petition had been filed for a compulsory accounting in June, 1904, that the administrators took out a citation in the voluntary proceedings of 1895, and caused the same to be served upon the parties in interest. There are creditors of the estate whose claims were presented to the administrators in time, and were not disputed. The proposition is now presented on behalf of the next

of kin that the claims of creditors, although undisputed, have by reason of the lapse of time become outlawed, and the next of kin are therefore entitled to take the entire surplus to the exclusion of the creditors.

At the time of filing the petition and account herein (1895) the claims of creditors were concededly valid, and not outlawed. It may be a very interesting question whether a proceeding in the Surrogate's Court which would preserve the rights of the parties against the operation of the statute of limitations is commenced by the filing of the petition and account or by the issuance or service of the citation therein, and, while I am inclined to the opinion that it is the former, after looking at sections 2517 and 3348 of the Code of Civil Procedure, and Matter of Bradley, 70 Hun, 104, 23 N. Y. Supp. 1127, it is not necessarily involved here. I am of the opinion that, when the administrators had liquidated the estate to the extent of collecting the assets and bringing the surplus into court for distribution among the creditors and next of kin of decedent, it became a trust fund in their hands for the benefit of an established and certain cestui que trust, the creditors being in a preferred class, and the next of kin taking thereafter. The fund or surplus is subject to the disposition by the court among those who were admittedly entitled thereto. It is not such a situation in which payment could be contemplated, and, if not such a case, no presumption of payment should arise. It is a fund in court, to be disposed of under the court's decree, just as if the money had been deposited in a court depository awaiting the ordinary course of judicial proceedings or the happening of some future event. I take it that the claims of creditors can no more suffer the allegation or change of being presumed to be paid than can the next of kin be charged at the instance of the accountants with having received and been paid their share or interest in the decedent's estate. It would not lie in the mouth of the administrators to plead the statute of limitations as against the next of kin until they had in some way repudiated their liability to account. Matter of Meyer, 98 App. Div. 7, 90 N. Y. Supp. 185.

The position of the next of kin is untenable, the claims of creditors are not outlawed. The decree therefore will provide for the distribution to the creditors to the extent of their interests, the next of kin taking the surplus after payment of the administrators' commissions and **costs of this proceeding.**