FRANKLIN BROCKSON, Administrator of Randall B. Garman, Deceased, d. b. a., v. RICHARDSON BROS. INC., p. b. r.

*(February* 10, 1942.)

RODNEY and SPEAKMAN, J. J., sitting.

*Walter J. Willis* for defendant below, appellant.

*Horace Greeley Eastburn* for plaintiff below, respondent.

Superior Court for New Castle County, Appeal from a Justice of the Peace, No. 107, March Term, 1941.

SPEAKMAN, J., delivering the opinion of the Court:

Our Statute of Limitations, Chap. 146, Revised Code of 1935, provides in Sec. 6 thereof (section 5129), that:

"No action of * * * assumpsit * * * shall be brought after the expiration of three years from the accruing of the cause of such action; subject however to the provisions of the four next following sections."

These four sections have no pertinency to the present case. The statute is not tolled by reason of the death of the debtor. *Schuchler v. Dickson's Adm'r*, 5 *Penn.* 42, 48, 62 *A.* 261; *Palmer v. Pierce's Ex'r*, 7 *Boyce* 537, 109 *A.* 125; *Hogg v. Lobb's Ex'r*, 7 *Houst.* 399, 32 *A.* 631.

As the right of action on the last item of the plaintiff's claim accrued in July, 1937, the right of action was barred prior to November 19, 1940, that being the date the action was commenced in the Court below, unless the time in which the suit might have been brought was extended by the provisions of Sec. 3861 of the Revised Code of 1935, as found in Vol. 42, page 292 of our Laws, as claimed by the plaintiff.

This section after providing for the making of a certain order by the Register, and from the briefs it can be reasonably inferred that the order was made and that the directions thereof were observed by the defendant is as follows:

"If an executor or administrator shall observe the directions of such order, all claims against the estate of the [decedent], whether due, not due or contingent, not presented to such executor or administrator in writing with an affidavit provided for in Section 43 of this Chapter [as to correctness of the claims], and of which he shall not have notice as provided in Section 41 of this Chapter [being certain claims of record], within one year after the date of the granting of letters to such executor or administrator

shall be forever barred; and any claim not so barred which shall have been rejected by an executor or administator shall be forever barred unless an action or suit be commenced thereon within three months after the executor or administrator shall have notified the claimant of such rejection by writing delivered to him in person or mailed to his last address known to the executor or administrator. * * *."

The plaintiff directs attention to the fact that its claim was probated and filed with the administrator before the Statute of Limitations relating to the commencement of actions had run against it and that the claim was filed within the time limited for the filing of claims with an executor or administrator. It also appears that the suit was brought within the time fixed by the law after the rejection of the claim. It is quite clear that if the claim was barred at all, it was barred under the provisions of our general Statute of Limitations.

The plaintiff contends that the object of the so-called "non-claim" statutes is to fix and limit the time within which claims not barred during the lifetime of the decedent might be asserted against his estate. This contention seems to be based upon the theory that the death of the debtor tolls the general Statute of Limitations, which is not the law in this State. The language of these "non-claim" statutes is far from uniform, and the decisions construing them are very numerous. We have examined all the cases cited by the plaintiff, and also many others to which our attention has been directed. Of those cited, *Sanderson's Adm'rs v. Sanderson*, 17 *Fla.* 820; *Deans v. Wilcoxon*, 18 *Fla.* 531; *Id.*, 25 *Fla.* 980, 7 *So.* 163; *Barnes v. Scott*, 29 *Fla.* 285, 11 *So.* 48; and *State Bank v. Walker*, 14 *Ark.* 234, appear to support the plaintiff's claim, in holding that the filing of a claim with the personal representative tolls the

running of the general Statute of Limitations. The other cases cited by the plaintiff on this point are In re *Elwood's Estate*, 309 *Pa.* 505, 164 *A.* 617; *Baker v. Stapleton*, 128 *Mich.* 180, 87 *N. W.* 100; *McCall v. Lee*, 120 *Ill.* 261, 11 *N. E.* 522; *Nicholls-Shepard Co. v. Donavon*, 67 *Mo. App.* 286; *Dickey v. Corliss*, 41 *Vt.* 127; In re *Hannon's Estate*, 46 *Misc.* 229, 93 *N. Y. S.* 207; *Kidd v. Chapman*, 2 *Barb.* (*Ch., N. Y.*) 414; In re *Smith's Estate*, 218 *Wis.* 640, 261 *N. W.* 730, 100 *A. L. R.* 238; and *In re Anderson's Estate*, 200 *Minn.* 470, 274 *N. W.* 621, 112 *A. L. R.* 287. These cases can be readily distinguished from the case at bar.

 The cases cited by the plaintiff and the cases which we have read have been of little help to us in arriving at our final conclusions. We believe the proper determination of the question before us calls for nothing beyond the application of well recognized rules relating to statutory construction. The language of our "non-claim" statute appears to us to be plain and unambiguous, and, therefore not subject to construction, for it is a recognized principle that where the language of a statute is plain and unambiguous and its meaning clear and unmistakable, there is no room for construction. *State v. Bethlehem Steel Corp.*, 7 *W. W. Harr.* (37 *Del.*) 441, 184 *A.* 873, and cases cited.

What the plaintiff has asked us to do is to interpret the language of the statute so as to limit or restrict the operation of our general Statute of Limitations with respect to his and similar claims.

 It can be properly said that our "non-claim" statute and our general Statute of Limitations are both statutes of limitations and that if there is any conflict between them they are to be compared, harmonized, if possible, and if not susceptible of a construction which will make all other provisions harmonize, they are to operate together, as far as

possible, consistently with the evident intent of the latter enactment. Lewis' Sutherland, Stat. Con., 2 Ed., Sec. 443.

From the language of the "non-claim" statute we believe the legislative intent is clear and its purposes evident. The intent and purpose is to compel claimants with demands against decedent's estates other than those of which the personal representative is required to take notice, to present their claims within the specified time, and when their claims are rejected, to seek prompt enforcement thereof, so that decedent's estates can be settled within a reasonable time. This seems to us to be the logical and sole purpose of the statute.

While the practical effect of the statute is to bar some claims in less time than the general Statute of Limitations, yet from this it cannot be inferred that it was the legislative intent that the operations of the general Statute of Limitations were to be otherwise affected.

The language of the statute is plain. If the Legislature had intended to limit or restrict the operation of the general Statute of Limitations it has not expressed its intention clearly, nor has it used language from which any inference of such intent can be drawn. We have not the jurisdiction to arbitrarily extend the provisions of the "non-claim" statute by incorporating language therein not used by the Legislature, nor in this case is there anything to authorize us to extend the meaning of the language beyond its ordinary and literal sense.

We believe that Woerner's Am. Law of Adm., page 1320, states the rule which we should apply, as follows:

"The statutes of non claim or special Limitation is not to be construed together with, or as attached to the General Statute of Limitations, but independently. Hence gen-

erally either of the statutes, if it has run its course, although the other has not may be relied on as a bar."

Judgment will be entered in favor of the defendant below, appellant.