WILMINGTON TRUST COMPANY, a corporation of the State of Delaware, Trustee under the will of Ernest B. Wright, deceased,

*vs.*

E. BRINTON WRIGHT, JR., SAMUEL J. WRIGHT, MARIAN H. WRIGHT, and WILMINGTON TRUST COMPANY, a corporation of the State of Delaware, Executor of the Will of Ernest B. Wright, deceased, and ELIZABETH J. WRIGHT and WILMINGTON TRUST COMPANY, a corporation of the State of Delaware Executors of the Estate of J. Pilling Wright, deceased.

*New Castle, July 16, 1952.*

*Caleb S. Layton,* of Richards, Layton & Finger, for plaintiff.

*Rodney Layton,* for defendant Wilmington Trust Co., executor of estate of Ernest B. Wright.

*Hugh M. Morris,* of Morris, Steel, Nichols & Arsht, for Wilmington Trust Co., and Elizabeth J. Wright, executors of estate of J. Pilling Wright.

*Howard L. Williams,* of Hering, Morris, James & Hitchens, for individual defendants.

SEITZ, Chancellor: I am concerned with the right of one seeking contribution to pursue assets into the hands of a distributee of an estate.

Ernest B. Wright died November 16, 1934 leaving a will which was probated before the Register of Wills for New Castle County. Defendant, Wilmington Trust Company, qualified as Executor. Under the will of Ernest B. Wright certain specific bequests were to be made, and the residue of the estate was to be transferred to plaintiff, Wilmington Trust Company, in trust. Under the terms of the trust the income was payable to the decedent's widow for life, with a direction for the distribution of the corpus among the decedent's children, per stirpes, upon their attaining the age of twenty-five years, respectively. The trust is still being administered.

In November and December, 1934, the required statutory notice was published stating, *inter alia*, that "* * * all persons having demands against the deceased are required * * * to exhibit and present the same, duly probated, to the said executor, on or before the 22nd day of November, A. D. 1935, or abide by the law in this behalf." A notice in similar terms was posted.

No claim was filed against the estate having as its basis a certain indemnity agreement entered into by Ernest B. Wright during his lifetime, and which agreement has given rise to the claim now asserted. The estate was closed on September 22, 1936. Thereafter, plaintiff, trustee under the Ernest B. Wright will, brought this action seeking instructions as to whether the trust estate could be compelled to satisfy a claim for contribution in the sum of $16,000 made by the executors of the J. Pilling Wright estate.

The claim here asserted arises out of a somewhat complicated situation. An indemnity agreement dated March 7, 1929, was entered into by and between the stockholders of Diamond State Fibre Company, the stockholders of the Continental Fibre Company (hereafter called "Continental") and Haystone Securities Corporation. Ernest B. Wright and J. Pilling Wright, *inter alia*, were stockholders of Continental and, as such, executed the agreement. Without detailing the terms of the agreement, it may be, stated that Ernest B. Wright, J. Pilling Wright and other Continental stock-

holders agreed to indemnify Continental and the new company (Continental-Diamond Fibre Company hereafter called "Continental-Diamond") for any liability arising out of claims existing at the time of the transfer of assets to the new company. On November 29, 1932 Continental-Diamond was sued on such a claim by one Arthur J. Schmitt and on July 3, 1941 a judgment was entered requiring Continental-Diamond to account for profits arising out of certain operations.

On April 17, 1947, J. Pilling Wright, one of the Continental stockholders who, like Ernest B. Wright, entered into the same indemnity agreement, died and Elizabeth J. Wright, his widow, and Wilmington Trust Company qualified as executors of his estate. On February 6, 1948 Continental-Diamond filed a claim against the estate of J. Pilling Wright, deceased, based upon the indemnity agreement. On October 20, 1948 judgment for a fixed sum was entered in the Schmitt action against Continental-Diamond.

On November 22, 1950 Continental-Diamond paid the decree in the Schmitt suit which with expenses amounted to about $250,000. Thereupon, Continental-Diamond made demand upon the executors of the estate of J. Pilling Wright, deceased, for a proportionate part of the amount paid in settlement of the suit. The executors of the J. Pilling Wright estate on November 22, 1951 contributed not only their share but Ernest B. Wright's share. Thereafter demand was made by defendants, executors of the J. Pilling Wright estate, upon plaintiff as trustee-distributee under the will of Ernest B. Wright, for contribution in the sum of $16,000. The legality of this claim is the sole issue here.

Neither the executor of the Ernest B. Wright estate, nor the individual defendants question that $16,000 is a fair proportionate share if there is any proper claim against the Ernest B. Wright trust. Nor is any point made of the fact that Continental-Diamond made no claim against the Ernest B. Wright estate. But the executor and the individual defendants, beneficiaries of the Ernest B. Wright trust, assert that no money is legally owing from the trust assets. They contend that *Chapt. 183, Vol. 38, Laws of Del, Del.*

*Code* 1935, *Par.* 3861[1], in effect during the administration of the estate, bars this claim because the statute required that it be filed and it was not. They assert that because the claim was not filed as required by the statute, it cannot now be successfully asserted against plaintiff as a distributee of the estate.

The executors of the J. Pilling Wright estate contend that the statute pursuant to which the Register of Wills caused notice to creditors to be published is unconstitutional.[2] They further contend that even if the statute is constitutional it is not applicable to this claim because this claim was not a "claim" within the meaning of the statute at the time the Ernest B. Wright estate was being administered.

I pass by the argument that the *Code* 1935, *Par.* 3861 is unconstitutional. I note that it has since been amended in several respects.

---

[1] "The Register may and on application shall make and register an order directing an executor or administrator, by advertisements to be posted and published as specified in such order, to give notice of the granting of letters and the date thereof, and requiring all persons having claims against the decedent to exhibit the same to such executor or administrator or abide by the law in this behalf.

"The order shall require the advertisements to be posted, within forty days from the grant of letters, in the County Court House and in at least two other public places in the county wherein the decedent resided at the time of his death and, if deemed expedient, to be inserted within the same period in one or more newspapers to be designated therein and reinserted in such newspaper or newspapers not less frequently than once a week for a period of not less than three weeks.

"If an executor or administrator shall observe the directions of such order, all claims against the estate of the decedent, whether due, not due or contingent, not presented to such executor or administrator in writing with an affidavit provided for in Section 43 of this Chapter, * * * within one year after the date of the granting of letters to such executor or administrator shall be forever barred; and any claim not so barred which shall have been rejected by an executor or administrator shall be forever barred unless an action or suit be commenced thereon within three months after the executor or administrator shall have notified the claimant of such rejection by a writing delivered to him in person or mailed to his last address known to the executor or administrator."

[2] See *Wilmington Trust Co. v. Baldwin*, 8 *W.W.Harr.* 595, 195 *A.* 287.

Let us consider whether the present claim for contribution is of such a character that when the Ernest B. Wright estate was being settled it was barred by virtue of the language of *Code 1935, Par.* 3861. In this connection, let us keep in mind the fact that no liability was established against Continental-Diamond until several years after Ernest B. Wright's estate was closed. The paragraph involved states that

"* * * all claims against the estate of the decedent, whether due, not due or contingent, not presented to such executor or administrator in writing with an affidavit provided for in Section 43 of this Chapter, and of which he shall not have notice as provided in Section 41 of this Chapter, * * * within one year after the date of the granting of letters to such executor or administrator shall be forever barred; * * *."

*Section* 41, *Code* 1935, *Par.* 3841, provides that

"Before the executor, or administrator, shall pay any debt against the deceased, the person holding the same shall make affidavit that nothing has been paid or delivered toward satisfaction of said debt, except what is mentioned, and that the sum demanded is justly and truly due."

■ ■ The two paragraphs of the statute must be read together. When this is done it appears that if the notice requirements are met, all claims, whether due, not due or contingent, which are not presented within one year from the grant of letters, accompanied by an affidavit that the sum demanded is justly and truly due, are forever barred. One thing is certain. However we characterize the possibility of liability of Ernest B. Wright and of his estate, on account of the indemnity agreement, at no time was it a sum justly and truly due from it during the administration of the estate of Ernest B. Wright. During that period neither Continental-Diamond nor J. Pilling Wright was in a position to file a claim with such an affidavit. At that time there was merely an undecided law suit pending against Continental-Diamond. Therefore, no matter what construction is placed on the paragraphs in question, I do not believe they can fairly be construed to encompass the "cause" which ultimately turned out to be the present claim. To hold otherwise would be to say that the present claim is outlawed because of a failure (presumably by Continental-Diamond or J. Pilling Wright) to file within the required time a claim with an affidavit of a type which under the circumstances could not

have been filed. Such a result would raise serious constitutional and practical problems.

The individual defendants say that a contingent claim could have been filed and the affidavit filed later when the claim became justly and truly due. This would fly directly in the face of the statutory language because it would permit the affidavit to be filed more than a year after the granting of letters. Moreover, the statutory history shows that the very amendment which added language barring "not due or contingent" claims also incorporated by reference the requirement concerning an affidavit of the type mentioned.

I recognize that poor statutory draftsmanship has caused the problem. I further recognize that my conclusion may cause some difficulty in determining just what types of contingent claims are barred. But those problems are perhaps for another day or another branch of government. Certainly clarifying legislation is needed.

I conclude that during the administration of the Ernest B. Wright estate the subject matter of the present claim for contribution did not constitute a claim within the meaning of *Code* 1935, *Pars.* 3861 *and* 3841. It is conceded that if the statutes do not constitute a bar—and I so find—the plaintiff-trustee should honor the claim. Wilmington Trust Company, trustee under the will of Ernest B. Wright, deceased, is therefore directed to make contribution in the sum of $16,000 from corpus to Elizabeth J. Wright and Wilmington Trust Company, executors of the estate of J. Pilling Wright, deceased.

Order on notice.