ANNABELLE G. MARKHAM, Administratrix of the Estate of Gloria Jean Griffin, deceased, Plaintiff, v. ALBERT T. SCOTT, SR., Administrator of the Estate of Albert T. Scott, Jr., deceased, Defendant.

(*March* 15, 1963.)

STOREY, J., sitting.

*Harrison F. Turner* for the Plaintiff.

*Everett F. Warrington* for the Defendant.

Superior Court for Kent County, No. 110, Civil Action, 1962.

STOREY, J.:

This is a tort action based on the alleged wrongful death of Gloria Jean Griffin. Plaintiff is the administratrix of her estate. Defendant is the administrator of the estate of his deceased son, who also met his demise when the automobile he was driving struck the vehicle in which plaintiff's decedent was a passenger.

The plaintiff filed a complaint for wrongful death against the defendant administrator alleging negligence on the part of his decedent. This matter is presently before the Court on the following preliminary issues:

1. Motion by the plaintiff to strike the defense, set forth in the answer, that a claim for wrongful death was not timely presented to defendant administrator within nine months after the date of the granting of letters to the administrator in accordance with 12 *Delaware Code*, Sec. 2102.

2. Motion by the defendant for summary judgment.

Plaintiff's and defendant's decedents met their demise on July 13, 1960. On July 26, 1960, the defendant was granted letters of administration. Commencing in September, 1960, and up to May, 1961, plaintiff's attorney attempted to negotiate settlement with the insurance carrier for the defendant's decedent. In May, 1961, the carrier referred this matter to counsel presently representing defendant. Suit was filed shortly thereafter by plaintiff, the action being brought within the period described by law. Title 10, Sec. 8106A, of the *Delaware Code* provides:

"No action to recover damages for wrongful death or for injury to personal property shall be brought after the expiration of 2 years from the accruing of the cause of such action."

Defendant argues that the following provision of our law is applicable:

"\* \* \* all claims against the estate of the decedent, whether due, not due or contingent, \* \* \* not presented to the \* \* \* administrator \* \* \*, and of which he shall not have notice \* \* \*, within nine months after the date of the granting of letters to the executor or administrator shall be forever barred." 12 *Delaware Code*, Sec. 2102(a).

This Court recognizes the apparent conflict in the statutory law of our State. It is without doubt a situation warranting legislative attention. Nonetheless, I am constrained to resolve these issues despite the conflict which has thus been posed.

An inquiry into the legislative intent of the so-called non-claims statute (12 *Delaware Code*, Sec. 2102(a)) is pertinent to the resolution of this matter. In an interpretation of basically the same statute, this Court has ruled:

"While the practical effect of the statute is to bar some claims in less time than the general Statute of Limitations, yet from this it cannot be inferred that it was the legislative intent that the operations of the general Statute of Limitations were to be otherwise affected." *Brockson v. Richardson Bros.,* 2 Terry 465, 41 Del. 465, 24 A. 2d 537 (1942).

The Court also stated:

"It can be properly said that our 'nonclaim' statute and our general Statute of Limitations are both statutes of limitations \* \* \* they are to operate together, as far as possible, consistently with the evident intent of the *latter enactment*." (Emphasis added). *Brockson v. Richardson Bros., supra.*

An analysis of our statutes clearly shows that the two year general statute of limitations is the most recent. It became effective July 9, 1960, whereas, the so-called nonclaim statute became operative on July 1, 1955. I would thus

construe the intent of the legislature to be to permit actions for wrongful death provided they are brought within the prescribed two year period, notwithstanding the provisions of our non-claims statute.

The Chancellor has also had occasion to recognize the distinction between a general statute of limitation and the non-claims statute. *Wilmington Trust Co. v. Wright,* 33 Del. Ch. 63, 90 A. 2d 480 (1952). While I recognize that this is a decision from the Court of Chancery, as opposed to a law court, it is nonetheless persuasive and I am inclined to treat it with the respect to which I think it is entitled. The crux of that opinion is that claims are not barred where an affidavit cannot be submitted that the sum demanded is justly and truly due. The situation is analogous to the case at bar. Plaintiff's demands are unliquidated. She is not in a position to execute an affidavit that the sum demanded is justly and truly due until such has been determined by a Court.

Defendant has cited much authority to the effect that a non-claims statute is applicable to matters *ex contractu* and *ex delicto.* In the jurisdictions from which such decisions were rendered, they may very well stand for that proposition. There is, however, a fallacy to defendant's argument which has previously been recognized by this Court:

"The language of these 'non-claim' statutes is far from uniform, and the decisions construing them are very numerous." *Brockson v. Richardson Bros., supra.*

For that reason, the pronouncements of the Courts of this State deserve primary attention and I am inclined to apply them in plaintiff's favor.

Defendant advances one further argument which requires some discussion. He contends that the simultaneous death of both plaintiff's and defendant's decedents extinguish a cause of action for wrongful death against defendant's personal representative. It is clear that our wrongful death stat-

ute conveys the right to a decedent's personal representative to bring an action for the "death and loss thus occasioned". 10 *Delaware Code*, Sec. 3704. Likewise, 10 *Delaware Code*, Sec.3707, provides:

"A statutory right * * * or remedy against any officer or person, in favor of any person, shall survive to, or against the executor or administrator of such officer or person, unless it be specially restricted in the statute."

This provision is very broad. It transcends the strictures of the common law and creates rights which can only be limited by statute. Defendant's argument in my judgment is without merit.

For the reasons assigned, plaintiff's motion to strike certain defenses raised in defendant's answer as set forth in paragraphs 6, 7, 8 and 9 of defendant's answer is granted. Defendant's motion for summary judgment is denied.

On presentation, Order in conformity with this decision will be entered.