ANNABELLE G. MARKHAM, Administratrix of the Estate of Gloria Jean Griffin, deceased, Plaintiff, v. ALBERT T. SCOTT, SR., Administrator of the Estate of Albert T. Scott, Jr., deceased, Defendant.

*(April* 19, 1963) *

STOREY, J., sitting.

*Harrison F. Turner* for plaintiff.

*Everett F. Warrington* for defendant.

---

*Under date of March 15, 1963, an opinion was released in the above entitled case, and after argument by counsel, the March 15th opinion was withdrawn, and a revised opinion filed under date of April 19, 1963. Inadvertently, the March 15th opinion was published in 5 Storey beginning at page 581 (55 Del. 581). The revised opinion of April 19, 1963, is, therefore, published in this volume.

Superior Court for Kent County, No. 110, Civil Action, 1962.

STOREY, J.

This is a tort action based on the alleged wrongful death of Gloria Jean Griffin. Plaintiff is the administratrix of her estate. Defendant is the administrator of the estate of his deceased son, who also met his demise when the automobile he was driving struck the vehicle in which plaintiff's decedent was a passenger.

The plaintiff filed a complaint for wrongful death against the defendant administrator alleging negligence on the part of his decedent. This matter is presently before the Court on the following preliminary issues:

1. Motion by the plaintiff to strike the defense, set forth in the answer, that a claim for wrongful death was not timely presented to defendant administrator within nine months after the date of the granting of letters to the administrator in accordance with 12 *Delaware Code*, Sec. 2102.

2. Motion by the defendant for summary judgment.

Plaintiff's and defendant's decedents met their demise on July 13, 1960. On July 26, 1960, the defendant was granted letters of administration. Commencing in September, 1960, and up to May, 1961, plaintiff's attorney unsuccessfully attempted to negotiate settlement. Suit was filed shortly thereafter by plaintiff, the action being brought within the period prescribed by law. Title 10, Sec. 8106A, of the *Delaware Code* provides:

"No action to recover damages for wrongful death or for injury to personal property shall be brought after the expiration of 2 years from the accruing of the cause of

such action."

Defendant argues that the following provision of our law is applicable:

"* * * all claims against the estate of the decedent, whether due, not due or contingent, * * * not presented to the * * * administrator * * *, and of which he shall not have notice * * *, within nine months after the date of the granting of letters to the executor or administrator shall be forever barred." 12 *Delaware Code*, Sec. 2102(a).

This Court recognizes the apparent conflict in the statutory law of our State. It is without doubt a situation warranting legislative attention.

This issue has been raised in a similar case of *Brockson v. Richardson Bros.*, 2 Terry 465, 41 Del. 465, 24 A.2d 537 (1942). The language of the court in that decision is somewhat deceptive. Nonetheless, Brockson, supra, established the rule that if either the general statute of limitations or the shorter non-claim statute had run their course, the action must be barred.

Plaintiff has cited the case of *Wilmington Trust Company v. Wright*, 33 Del.Ch. 63, 90 A.2d 480 (1952), as authority for the proposition that claims are not barred

where an affidavit cannot be submitted that the sum demanded is justly and truly due. That case, however, is distinguishable on its facts and, in my opinion, has no application to the issues at bar.

Defendant has cited much authority to the effect that a non-claims statute is applicable to matters *ex contractu* and *ex delicto*. In the jurisdictions from which such decisions were rendered, they may very well stand for that proposition. There is, however, a fallacy to defendant's argument which has previously been recognized by this

Court:

"The language of these 'non-claim' statutes is far from uniform, and the decisions construing them are very numerous." *Brockson v. Richardson Bros.*, supra.

For that reason, the pronouncements of the Courts of this State deserve primary attention and I am inclined to apply them in defendant's favor.

Defendant advances one further argument which requires some discussion. He contends that the simultaneous death of both plaintiff's and defendant's decedents extinguish a cause of action for wrongful death against defendant's personal representative. It is clear that our wrongful death statute conveys the right to a decedent's personal representative to bring an action for the "death and loss thus occasioned." 10 *Delaware Code,* Sec. 3704. Likewise, 10 *Delaware Code,* Sec. 3707, provides:

"A statutory right * * * or remedy against any officer or person, in favor of any person, shall survive to, or against the executor or administrator of such officer or person, unless it be specially restricted in the statute."

This provision is very broad. It transcends the strictures of the common law and creates rights which can only be limited by statute. Defendant's argument, in my judgment is without merit.

For the reasons assigned, plaintiff's motion to strike certain defenses raised in defendant's answer as set forth in paragraphs 6, 7, 8 and 9 of defendant's motion is denied. Defendant's motion for summary judgment is granted.

On presentation, Order in conformity with this decision will be entered.