PEARL A. GWALTNEY, Administrator of the Estate of James R. Gwaltney, Plaintiff Below, Appellant, v. ALBERT PERRY SCOTT, SR., Personal Representative of Albert Perry Scott, Jr., Defendant Below, Appellee.

ANNABELLE G. MARKHAM, Administratrix of the Estate of Gloria Jean Griffin, Deceased, Appellant, v. ALBERT T. SCOTT, SR., Administrator of the Estate of Albert T. Scott, Jr., Deceased, Appellee.

(*October* 21, 1963.)

TERRY, Chief Justice, and WOLCOTT and CAREY, J. J., sitting.

*Victor F. Battaglia* (of Theisen and Lank) for appellant Pearl A. Gwaltney.

*Harrison F. Turner* for the appellant Annabelle G. Markham.

*Everett F. Warrington* for appellee.

Supreme Court of the State of Delaware.

TERRY, Chief Justice.

These cases were consolidated by us for argument. They both involve identical factual situations, and the legal issues in each are the same. Plaintiffs are the administrators of the estates of certain decedents who were killed in an automobile collision. Defendant is the representative of the estate of Albert Perry Scott, Jr., who was killed when the automobile he was driving struck the car in which plaintiff's decedents were riding. The deaths

of all parties were simultaneous and instantaneous, and these tort actions were filed within the two year period established by the general statute of limitations.

The following issues are presented:

(1) Whether a claim for wrongful death must be timely presented to the defendant administrators within nine months after the granting of letters to the administrator, in accordance with 12 *Del. C.* Sec. 2102; and

(2) Whether a cause of action for wrongful death survives against a personal representative of a tort feasor who himself dies in the same accident instantaneously and simultaneously with the plaintiff's decedent.

These cases were disposed of by different Judges in the Superior Court and at different stages of the proceedings. In *Gwaltney v. Scott,* the matter went to trial without a jury. Following the closing of the case of the plaintiff, the defendant moved for judgment on the above-enumerated issues. In *Markham v. Scott,* the judgment of the lower court was rendered on a motion for summary judgment.

In both cases, the lower court sustained the defense raised by the defendant that the plaintiff's failure to timely present a claim for wrongful death to defendant administrator barred plaintiff's action. In each instance, however, the lower court rejected defendant's argument that plaintiffs have no standing in court because their cause of action for wrongful death does not survive to the personal representative of a decedent who died simultaneously with the alleged tort feasor.

We turn first to the issue raised by the appellee as to the survivability of a cause of action after the simultaneous deaths of both plaintiffs' and defendant's decedents.

We dispose of this argument quite readily. First, we point out that the Delaware Wrongful Death Statute, 10 *Del. C.* Sec. 3704, conveys the right to a decedent's personal representative to bring an action for "death and loss thus occasioned." Likewise, 10 *Del. C.* Sec. 3707 provides:

"A statutory right of action or remedy against any officer or person, in favor of any person, shall survive to or against the executor or administrator of such officer or person, unless it be specifically instructed in the statute."

The provision is quite broad and clearly renders defendant's lengthy arguments on the subject without merit. It strikes us that the question of whether the deaths of the tort feasor and the person he has wronged be simultaneous or otherwise, the above-cited provision of our statutory law expressly assures the survivability of the decedent's cause of action against the representative of the tort feasor.

We turn next to the more important argument of whether a claim for wrongful death against a decedent's estate must be made within the nine-month period of our so-called "non-claims statute." The pertinent portion of that statute is as follows:

"* * * [A]ll claims against the estate of the decedent, whether due, not due or contingent, * * * not presented to the * * * administrator * * *, and of which he shall not have notice * * *, within nine months after the date of granting of letters to the executor or administrator shall be forever barred." [12 *Del. C.* Sec. 2102(a)]

In addition to this provision of the law, 12 *Del. C.* Sec. 2104(a) provides:

"Before an executor or administrator shall pay any debt against the decedent, the person to whom the debt is owing shall have filed a claim with the executor or administrator. The claim shall be in the form of an affidavit that nothing has been paid or delivered toward satisfaction of the debt, except what is mentioned, and that the sum demanded is justly and truly due. The affidavit shall be signed by the person making it."

This statute also provides in another sub-section that the making of a false affidavit constitutes the offense of perjury.

Plaintiffs have cited the case of *Wilmington Trust Company v. Wright,* 33 Del. Ch. 63, 90 A.2d 480 (1952), as authority for the proposition that claims are not barred where an affidavit cannot be submitted that the sum demanded is justly and truly due. We recognize that this case presents a different factual situation from those presently under consideration here. Nonetheless, we conclude that it clearly stands for the proposition that unless the affidavit can be filed in good conscience, the so-called "non-claims statute" will not bar such claims. Discussing the status of the claim in that case during the nine-month period following the granting of the letters of administration, the Chancellor held:

"At that time there was merely an undecided lawsuit against Continental-Diamond. Therefore, no matter what construction is placed on the paragraphs in question, I do not believe that they can fairly be construed to encompass the 'cause' which ultimately turned out to be the present claim. To hold otherwise would be to say that the present claim is outlawed because of a failure to file within the required time a claim with an affidavit of a type which under the circumstances could not be filed. Such a result would raise serious constitutional and

practical problems."

The Chancellor further recognized that our "non-claims" statute requires legislative revision. Neither he nor the members of this court will assume the role of the legislature, and as such, we consider that the ambiguities presented by the wording of the statute, coupled with the reqpuirement for an affidavit, perforce remove all matters arising *ex delicto* from the applicability of the present Delaware "non-claims" statute, unless, of course, the tort claim is for a sum certain or a sum which by computation can be made certain. As to this class of tort claim, however, we are not called upon to express an opinion.

We consider that the filing of the affidavit requires more than an empty gesture on the part of a plaintiff's counsel, who, until a judgment is rendered in an action *ex delicto,* knows neither that his case will be successfully resolved at trial nor what his recovery would be.

As one court has stated:

"The claim to be probated must be one which, if paid by the executor or administrator, would *prima facie* entitle him to credit." (*Feld v. Borodofski,* 87 Miss. 727, 40 So. 816.)

Thus, until there is legislative redress in this area, the "non-claims" statute must be read in *pari materia* with the provision in 12 *Del. C.* Sec. 2104 requiring the filing of an affidavit. In our opinion, that latter requirement if applied to a claim such as before us arising *ex delicto* would under such circumstances specify nothing more than an empty gesture. We thus fail to see the purpose of imposing such a meaningless act on plaintiffs in tort actions.

Defendant relies on the case of *Brockson v. Richardson Brothers,* 2 Terry 465, 25 A.2d 537 (1942). In view of what is set forth above, we conclude that it must be

overruled if it was meant to suggest that claims such as are before us arising *ex delicto* fall within the purview of the "non-claims" statute.

For the reasons assigned, the judgments of the lower court granting defendant Scott's motion for judgment against plaintiff Gwaltney and defendant Scott's motion for summary judgment against plaintiff Markham for their failure to file a claim for wrongful death within the nine-month period prescribed by the "non-claims" statute, are hereby reversed. The decisions of the lower court denying defendant Scott's motion for judgment against plaintiff Gwaltney and motion for summary judgment against plaintiff Markham, based on non-survivability of the wrongful death claim, are hereby affirmed.